DOAN, Respondent, *vs.* Moss, Appellant.

1. Action on a non-negotiable note by the assignee against the maker. Answer—that the maker being security for the payee, the latter deposited with him a chattel as a pledge for his indemnity, and thereupon, the note was given, merely as evidence of the deposit. *Held,* a good plea of want of consideration.

*Appeal from Audrain Circuit Court.*

Action by Doan, the assignee, against Moss, the maker of the following note :

" Due John S. Bishop three hundred dollars, for value received of him.    September 2, 1853.

" THOMAS T. MOSS."

The defendant answered, admitting the execution of the note, but alleging that it was executed under the following circumstances : Defendant being security for Bishop to a considerable amount, Bishop delivered to defendant, for his indemnity, a jack, of the value of one hundred dollars, or one hundred and twenty-five dollars, which was to be held by defendant until Bishop should in some way discharge him from all liability as surety, and was then to be returned.    Bishop asked for some writing as evidence of the transaction, so that he might not lose

the jack, in case defendant should die. Bishop then wrote or caused to be written the note sued upon, and defendant signed the same, with the understanding that it was never to be collected, in whole or in part, and was to be returned to defendant whenever, being secured against all liability as surety, he returned the jack. The answer further alleged that the assignment was without consideration and fraudulent. This is the substance of every material allegation. This answer was stricken out by the Circuit Court, and judgment entered for the plaintiff.

*Jones & Rickets*, for appellant.

*S. A. Young*, for respondent.

Scott, Judge. The facts stated in the defendant's answer clearly showed that there was no consideration for the note sued on, and therefore the court erred in striking it out.

The nature of the defence of the maker of the note was not changed by the assignment, and the defendant is allowed to set up the defence he makes against the plaintiff (the assignee) in as ample manner as he could have made it against his assignor.

Judge Ryland concurring, the judgment will be reversed and the cause remanded.