### THE STATE v. WATKINS.

Criminal law: MURDER IN FIRST DEGREE: INDICTMENT. To consti-
tute a good indictment for murder in the first degree, where the
killing was not done in the perpetration of or attempt to perpetrate
any of the felonies mentioned in section 4192 of the Revision, it
must be charged that the *killing* was willful, deliberate and pre-
meditated. The allegation that the *assault* was willful, deliberate
and premeditated, will not suffice. Following the *State* v. *McCor-
mick, ante*, 412.

*Appeal from Jackson District Court.*

SATURDAY, JUNE 26.

THE defendant, Samuel P. Watkins, was tried, con-
victed of murder in the first degree, and sentenced to be
hanged. The indictment is as follows:

The State of Iowa
vs.                                 *In the Dist. Court of
Samuel P. Watkins, Calvin Nelson,      Jackson Co., State of
and John B. Bucklin.                   Iowa.*

The grand jury of the county of Jackson aforesaid, in
the name and by the authority of the State of Iowa, ac-
cuse Samuel P. Watkins, Calvin Nelson and John B.
Bucklin, of the crime of murder, perpetrated and com-
mitted as follows:

1. The said Samuel P. Watkins, John B. Bucklin and
Calvin Nelson, on the 23d day of January, in the year
of our Lord one thousand eight hundred and sixty-
seven, in the county aforesaid, in and upon one
Samuel S. Cronk, in the peace then and there being,
feloniously, willfully, premeditately, and of their malice
aforethought, did make an assault; and the said Samuel
P. Watkins, Calvin Nelson and John B. Bucklin, with a
certain piece of iron called a part of a clevis, of about

the length of twelve inches, and the width of one inch, and with one oak stick of wood of the length of eighteen inches and of the thickness of two inches, which they then and there in their hands had, and him, the said Samuel S. Cronk, then and there feloniously, willfully, deliberately, premeditately, and of their malice aforethought, divers times did strike and beat, giving to him, the said Samuel S. Cronk, by striking and beating him, as last aforesaid, with said piece of iron and said stick of wood, several mortal strokes, wounds and bruises in and upon the head of him, the said Samuel S. Cronk, to wit: One mortal wound on the forehead of him, the said S. S. Cronk; one mortal wound on the back and side of the head of him, the said Cronk; and one mortal wound extending from the side of the head to the back of the head of him, the said Cronk, of which said mortal strokes, wounds and bruises, he, the said Cronk, afterward, to wit, on the day and year aforesaid, at and in the county of Jackson, died.

2. And the grand jury aforesaid, in the name and by the authority of the State of Iowa, do further find and present, that the said Samuel P. Watkins, Calvin Nelson and John B. Bucklin, on the 23d day of January, A. D. 1867, in the county of Jackson, in the State of Iowa, in and upon one Samuel S. Cronk, in the peace then and there being, feloniously, willfully, deliberately, premeditately, and of their malice aforethought, did make an assault; and with a part of an iron clevis, and with a stick of wood, and with a knife, did then and there strike, beat, bruise, cut and wound him, the said Cronk, in and upon his head and other parts of his body, and by means aforesaid, the said Samuel P. Watkins, Calvin Nelson and John B. Bucklin, did then and there, him, the said Samuel S. Cronk, *kill and murder*. And so the grand jury aforesaid do say that the said Samuel P. Watkins, Calvin

Nelson and John B. Bucklin, him, the said Samuel S. Cronk, in the manner and by the means aforesaid, feloniously, willfully, deliberately, premeditately, and of their malice aforethought, did kill and murder, contrary to the laws of Iowa, in such cases made and provided, and against the peace and dignity of the State of Iowa.

The District Court instructed the jury with great fullness and accuracy, and against which the appellant makes no special complaint. The jury retired to consider of their verdict, and, after having been out some twenty hours, addressed a note to the court stating that they were unable to agree. The court wrote out and sent them a further charge as to their duty to agree. After further deliberation the jury came into court and reported their inability to agree. The court thereupon gave them still another charge, and concluded by urging them to agree, and pressing upon them the fact that a juror was often compelled to act against his own opinion in obedience to law, etc. They again retired and soon after came into court with a verdict of guilty. The defendant appeals.

*Wm. Graham, C. M. Dunbar* and *D. A. Wynkoop*, for the appellant.

*H. O'Connor*, Attorney-General, for the State.

Cole, J. — The counsel for the appellant have pressed upon our attention the claimed insufficiency of the evidence to sustain the verdict of the jury ; as also, the prejudice resulting to the defendant by the second and third charges of the court. But since a new trial will be ordered for another reason, it is neither necessary or proper for us to pass upon the sufficiency of the evidence. It may be different upon another trial, and in any event

will be passed upon by another jury. So of the second and third charges. They were adapted to the supposed peculiar condition of the jury in their disagreement, and no such a case is at all likely, nor indeed hardly possible to again arise. We pass therefore to the only question which it is necessary for us now to decide, and that is, as to the sufficiency of the indictment to sustain a conviction for murder in the first degree under our statute.

The indictment in this case is substantially the same as in the case of *The State* v. *McCormick*, decided at the present term (*ante*, 412). Like that, it charges the *assault* and the *beating* to have been done feloniously, willfully, deliberately, premeditately and of malice aforethought, but it does not charge the *killing* to have been willful, deliberate and premeditated. Since this case is like that in this particular, and we have given to that our careful and deliberate consideration, and expressed our views in the opinion filed therein, it becomes unnecessary to do more than refer to that case and the authorities cited in it for a disposition of this. That decision rests upon the idea that although the indictment is a good indictment for murder at the common law, by which the offense was equally complete, whether the *killing* was *premeditated* or was the *result* of a felonious assault with malice aforethought; yet since our statute has divided the crime of murder into the first and second degree, and requires that the *killing* shall be *premeditated* (that is, intended) in order to constitute murder in the first degree, such premeditated killing *must be charged in the indictment* as well as proved by the evidence in order to sustain a conviction. In other words, since our statute has narrowed the field of murder punishable with death (murder in the first degree), and excluded therefrom certain homicides, which were murder at the common law, an indictment for murder at common law would not nec-

essarily include the charge of murder in the first degree under our statute; for murder at the common law may have been committed without the willful, deliberate and premeditated *intent to kill*, required by our statute to constitute murder in the first degree.

To illustrate a little further. Suppose that at the common law the crime of horse stealing was punishable with death; but that our statute divided the crime into degrees, and the larceny of a horse in the night-time was made the first degree, punishable with death, and the larceny of a horse in the day-time was made the second degree, punishable with imprisonment. Now, to charge the offense of the first degree would require the charge that it was done in the night-time, in addition to the charges required at the common law; and the charge of the crime as at the common law would not necessarily constitute the statutory offense of the first degree punishable with death. So of the charge of murder in the first degree under our statute; the indictment must contain, in addition to the necessary common-law averments, the further charge that the *killing* was willful, deliberate and premeditated; unless it be where the killing is committed in the perpetration of some of the offenses named in the latter part of the section (4192) and as to which we express no opinion.

The indictment in this case is not a sufficient indictment for murder in the first degree under our statute, but is good for murder in the second. degree, and the defendant may be tried thereon for that offense.

In this case, unlike that of *The State* v. *McCormick*, *supra*, the defendant denies the sufficiency of the evidence to establish his guilt in any degree, and demands that the judgment shall be reversed and a new trial awarded; and he is clearly entitled to this.

                                                    Reversed.