## THE STATE v. WEESE.

1. **Criminal Law**: VERDICT: DEGREE OF CRIME. Where an indictment charged the defendant with the crime of murder committed in the perpetration of robbery and burglary, and the jury returned a verdict of "guilty, as charged in the indictment," it was held that such verdict was sufficient, and found the defendant guilty of murder in the first degree, the indictment charging the highest degree of the crime under the statute, and in language that cannot be applied to any lower degree. The case of *The State v. Moran*, 7 Iowa, 236, considered and distinguished.

*Appeal from Des Moines District Court.*

WEDNESDAY, MARCH 17.

THE defendant was indicted for the murder of Margaret Graeser, committed in the perpetration of robbery and burglary, and upon conviction was sentenced to the penitentiary for life. He now appeals to this court.

*J. & S. K. Tracy,* and *J. M. & J. D. M. Hamilton,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

BECK, J.—I. The indictment charges that defendant committed the crime of murder in the perpetration of robbery and burglary. The jury returned a verdict in the following form: "We, the jury, find the defendant guilty, as charged in the indictment." A

motion in arrest of judgment and for a new trial was made on the ground that the verdict does not specify the degree of the crime, whether murder in the first or second degree, of which defendant is found guilty. The motion was overruled and judgment was rendered upon the verdict. This ruling is the ground of the only objection urged upon our attention. We will proceed to its consideration.

II. The provisions of the Code involved in the question before us are as follows:

"SECTION 3848. Whoever kills any human being with malice aforethought, either express or implied, is guilty of murder.

"SEC. 3849. All murder which is perpetrated by means of poison, or lying in wait, or any other kind of willful, deliberate, and premeditated killing, or which is committed in the perpetration or attempt to perpetrate any arson, rape, robbery, mayhem or burglary, is murder in the first degree, and shall be punished by imprisonment for life at hard labor in the State penitentiary.

"SEC. 3850. Whoever commits murder otherwise than is set forth in the preceding section is guilty of murder of the second degree, and shall be punished by imprisonment in the penitentiary for life, or for a term not less than ten years.

"SEC. 3851. Upon the trial of an indictment, the jury, if they find the defendant guilty, must inquire, and by their verdict ascertain, whether he be guilty of murder of the first or second degree; but if such defendant be convicted upon his own confesssion in open court, the court must proceed by the examination of witnesses to determine the degree of murder, and award sentence accordingly."

Section 3851 provides that the jury "must inquire and by their verdict ascertain whether [the prisoner] be guilty of murder in the first or second degree." Upon an indictment charging a higher degree of crime, the prisoner may be convicted of a lower degree of the same offense. If the proof fails to establish the higher degree the jury may determine

and so find, that the prisoner is guilty of a lower degree of the same crime. This is the plain meaning of the language of the statute last quoted. The statute nowhere prescribes the language and form which the jury shall follow in expressing the degree of the crime of which they find the prisoner guilty. If their verdict shows in sufficiently plain and explicit language that they have inquired and determined the degree of the crime of which they find the prisoner guilty, that is a compliance with the law. Does the language of the verdict in this case comply with this requirement?

It shows that the jury found the prisoner guilty "as charged in the indictment." 1. It must be admitted that if this language determines the degree of the crime, the jury made inquiry upon that point. This is very plain. 2. Does the language express the degree of the crime? The prisoner is charged in the indictment with the crime of murder committed in the perpetration of robbery and burglary. Now if he is guilty, as charged in the indictment, he is guilty of murder committed in perpetration of robbery and burglary. The meaning of the language of the verdict cannot be mistaken.

The statute, Code, § 3849, declares that whoever commits murder in the perpetration of robbery or burglary is guilty of murder in the first degree. When the crime of murder is committed in the perpetration of these felonies, there is and can be no second degree; it is murder in the first degree, and can be nothing less. The language of the verdict in this case, in the plainest and most unmistakable language, finds the prisoner guilty of murder in the first degree. These views and conclusions are supported by the following authorities: *Commonweath v. Earl,* 1 Wharton, 531; *White v. Commonwealth,* 6 Binn., 179; *Kennedy v. State,* 6 Indiana (Porter), 485; *Fitzgerald v. The People,* 37 N. Y., 413; *Kennedy v. People,* 39 N. Y., 245; *Dilansky v. State,* 3 Minn., 437; *Bullock v. The State,* 10 Geo., 47; *State v. Hooker,* 17 Vt., 658.

III. *The State v. Moran,* 7 Iowa, 236, is relied upon by

the prisoner's counsel, and it must be confessed that the conclusion reached upon which the judgment was rendered in that case, and some of the arguments advanced in support of such conclusion, are in conflict with our ruling herein. We will proceed briefly to examine the decision.

The statutes we have above quoted were in force when *The State v. Moran* was decided. There has been no change in these provisions since the Code of 1851.

Moran was indicted and convicted in 1858. The verdict of the jury found him guilty, "as charged in the indictment." But the indictment charged that he did "willfully, deliberately, and with malice aforethought, kill and murder," etc. It is not charged that the murder was committed in the perpetration of robbery, burglary or other felony mentioned in Code, § 3849. Now the jury finding Moran guilty, "as charged in the indictment," did not find him guilty of murder in the first degree, for the language of the indictment charging the crime did not necessarily charge murder in the first degree. The case is, therefore, clearly distinguishable from the case before us. The opinion, however, does not notice these considerations. A more grave mistake is found in the opinion in that it does not take notice of the fact that the indictment, in failing to allege that Moran committed the crime with premeditation, charges murder in the second degree only, and he could not have been convicted upon it of murder in the first degree. *State v. McCormick*, 27 Iowa, 402; *State v. Watkins*, 27 Iowa, 415; *State v. Boyle*, 28 Iowa, 522; *State v. Knouse*, 29 Iowa, 119; *State v. Thompson*, 31 Iowa, 393.

The opinion in *State v. Moran* inferentially approves the language quoted therein from the *Commonwealth v. Earle*, 1 Whart., 525, which announces the doctrine we recognize.

The cases cited in *State v. Moran*, and other decisions to which we have been referred, are not in conflict with our conclusions. The question we are considering is not decided in *The State v. Dowd*, 19 Conn., 388. The prisoner in that

case was indicted for murder in the first degree, committed by poisoning, and the jury found him guilty of murder in the second degree. The court states the point decided in the following language: "The only question presented in this case is, whether it was competent for the jury upon this indictment to find the prisoner guilty of murder in the second degree, and, for the court, upon such conviction, to impose the punishment prescribed by law for such offense." The court used arguments in support of their conclusion based upon a statutory provision requiring the jury to find the degree of guilt of the accused, which, it was held, was complied with in the verdict. The case has no bearing whatever upon the question involved in the record before us.

In all other cases quoted as being in conflict with our views the indictments charged murder in general language, not by specifying the means or instrument which caused death, in order to fix the degree of guilt. Under such indictment the crime of the accused was not determined by a verdict of guilty, as charged, because the language of the indictment is applicable to the crime in the highest and lower degrees. In the case at bar the language of the indictment explicitly charges the highest degree of murder in language that cannot be applied to the lower degrees. Therefore, the verdict in finding defendant guilty, as charged in the indictment, in the plainest language finds him guilty of murder in the first degree. Upon this ground the case at bar is distinguished from the following cases to which we have been referred as being in conflict with the conclusion we have announced: *State v. Cleavland*, 58 Maine, 564; *Dick v. The State*, 3 Ohio St., 89; *Parks v. The State*, 3 Ohio St., 101; *Cobia v. The State*, 16 Ala., 781; *Johnson v. The State*, 17 Ala., 618; *McPherson v. The State*, 9 Yerg., 279; *Kerby v. The State*, 7 Yerg., 259; *Thomas v. The State*, 5 How. (Miss.), 20; *McGea v. The State*, 8 Mo., 495; *The State v. Upton*, 20 Mo., 297.

We have no doubt that the result reached in *The State v. Moran* is correct; the judgment of the court below was prop-

erly reversed, but we cannot approve the grounds upon which the decision is based and the arguments advanced in its support. Whatever of doctrine is found in that case in conflict with our decision in this, must be regarded as overruled.

IV. The prisoner was convicted upon circumstantial evidence. His counsel admit that the evidence is conflicting, and that, under the rules of this court, the verdict cannot be disturbed upon the ground that it is not sufficiently supported by the testimony. They do not ask us to consider any other question than the one we have discussed. The record before us does not contain all the evidence.

The judgment of the District Court is

AFFIRMED.