STATE OF IOWA v. ROBERT R. MCCLELLAND, Appellant.

**Bigamy:** EVIDENCE: CERTIFIED RECORD: IDENTITY OF NAMES. On a prosecution for bigamy in which defendant claimed he had never been legally married to prosecutrix, because at the time of their alleged marriage he had another living wife from whom he had not been divorced, the certified record of divorce from another county is admissible on that question; and where the names disclosed thereby are the same or very similar it is sufficient, in connection with his declaration that he had been divorced from his former wife, to identify him as the defendant therein. In this action there was no such dissimilarity in names as to destroy the efficacy of the certified record.

*Appeal from Floyd District Court.*—HON. C. H. KELLEY, Judge.

·WEDNESDAY, NOVEMBER 15, 1911.

The defendant was convicted of the crime of bigamy, and appeals.—*Affirmed.*

*J. H. Lloyd and W. M. Brouillard,* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for the State.

SHERWIN, C. J.—The defendant was married to Ruth Thompson, in Minnesota, on the 24th of November, 1906,

and they lived together over three years, when they sep-
arated.   On the 29th day of June, 1910, the defendant
was married to Rosella Fingalsen, in Floyd county, Iowa.
His Minnesota wife was then living, and they had not
been divorced.   Thereafter he was indicted in Floyd county
for bigamy; the indictment alleging his marriage to
Rosella Fingalsen while he had a lawful wife living, to
wit, Ruth McClelland, to whom he was married in Minne-
sota.   In addition to his plea of not guilty, the defendant
pleaded that he was never legally married to Ruth Thomp-
son.   On the trial, the defendant proved that he was
married to one Florence E. Byerly, in Kossuth county,
Iowa, on the 29th day of September, 1902, and that
Florence E. Byerly was living at the time of his marriage
to Ruth Thompson in Minnesota.   To meet this evidence,
the state put in evidence a certified copy of the district
court record of Humboldt county, Iowa, which showed that
Florence E. McClelland had obtained a divorce from R. R.
McClelland in that court on the 16th day of February,
1905; and the state also proved that, shortly prior to his
marriage to Ruth Thompson, the defendant told her that
he had been married before, but that he and his wife
had been divorced.   This certified record from the Hum-
boldt district court, and the defendant's statement to Ruth
Thompson that he and his former wife had been divorced
was all of the evidence produced by the state, showing the
actual divorce of the defendant and Florence E. Byerly, his
wife of 1902, and the defendant claims that it was
insufficient to sustain a finding that he was divorced from
his first wife when he married Ruth Thompson in Minne-
sota.   The defendant did not testify in his own behalf, but
he produced witnesses who swore that they did not know
that he had been divorced from Florence E. Byerly.   The
defendant is a confessed bigamist, and, while his conviction
in this case should not be permitted to stand if he has been
illegally convicted, the court certainly will not indulge in

finespun theories for the purpose of reversing the judgment of the trial court.

The certified record of the district court of Humboldt county was properly admitted in evidence, and we think the names of the parties to that action, together with the defendant's own declaration that he and his former wife had been divorced, a sufficient identification of him as the party defendant therein. That action was brought by Florence E. against R. R. McClelland. The defendant's name is Robert R. McClelland, and the Kossuth county wife's maiden name was Florence E. Byerly, and in the decree the plaintiff was permitted to assume the maiden name of Florence E. Bryarly. The defendant says, however, that the name "Bryarly" used in the decree is conclusive evidence that the plaintiff was not his former wife. We do not think so. It is so nearly the same as "Byerly" in sound and in appearance that either the judge or clerk might easily make the mistake in the spelling thereof. This is illustrated by the fact that the very record that the defendant introduced to prove his marriage to Florence E. Byerly gives his name as R. R. McClellan, instead of Robert R. McClelland, and this record also shows that he used the initials "R. R." in place of his full given name. The difference in spelling is so easily accounted for that we think the jury was fully justified in finding that the plaintiff in the divorce action was the defendant's wife, Florence E. McClelland. The marriage of the defendant to Ruth Thompson in Minnesota, and to Rosella Fingalsen in Floyd county, were both fully proven. It is competent to prove marriage by those who witnessed or performed the ceremony. *State v. Rocker,* 130 Iowa, 239.

The judgment should be, and it is, *affirmed.*