Earl McBain, Appellant, v. T. P. Hollowell, Warden, Appellee.

Edsle Hanner, Appellant, v. T. P. Hollowell, Warden, Appellee.

HABEAS CORPUS: Grounds of Remedy—Defectively Charged Offense.
1 A prisoner will not, on habeas corpus, be released from imprisonment on the ground that the indictment or trial information *defectively* and *unskillfully* charges the offense for which he was convicted and imprisoned. The rule is otherwise if the defect is so total that the indictment or information is a nullity.

INDICTMENT AND INFORMATION: Plea in Abatement—Waiver—
2 Applicability. The former statute which provided for waivers of "pleas in abatement" in criminal cases (Sec. 5289, Code Supp., 1913) had no application to a plea that the court had *no jurisdiction* because of the fact that the indictment or trial information was a nullity.

**INDICTMENT AND INFORMATION:** Sufficiency—Non-jurisdiction
3 **Because of Defect.** A plea to the jurisdiction of the court because the indictment or trial information is so totally defective that it is a nullity is allowable.

**INDICTMENT AND INFORMATION:** Sufficiency—Insufficient Defect
4 **to Exclude Jurisdiction.** A trial information which charges three defendants jointly with making an assault with a deadly weapon while jointly attempting to commit a robbery, and that one of them fired the fatal shot with the specific intent to kill "of *their* malice aforethought," is not so fatally defective as to deprive the court, on a plea of guilty, of jurisdiction to pass sentence on all the defendants.

Headnote 1: 29 C. J. pp. 41, 42. Headnote 2: 31 C. J. p. 874. Headnote 3: 31 C. J. p. 874. Headnote 4: 29 C. J. p. 42.

Headnote 1: L. R. A. 1918B, 1156, 12 R. C. L. 1200. Headnote 2: 14 R. C. L. 209. Headnote 4: 12 R. C. L. 1202.

*Appeal from Lee District Court.*—John M. Rankin, Judge.

OCTOBER 19, 1926.

Action in habeas corpus, resulting in a judgment holding that neither of the plaintiffs was entitled to his discharge, and the writs of habeas corpus were quashed. Each appeals.—*Affirmed.*

*Healy & Breen,* for appellants.

*W. A. Cook,* County Attorney, and *R. N. Johnson,* Deputy County Attorney, for appellee.

ALBERT, J.—The respective plaintiffs in these two cases, Earl McBain and Edsle Hanner, instituted separate proceedings in habeas corpus against the warden of the penitentiary at Ft. Madison, alleging their illegal confinement by said warden and praying their discharge. The cases being identical, they were submitted together, and will be covered by one opinion.

On the 10th day of January, 1917, in the Black Hawk County district court, there was filed against the defendants the following county attorney's information:

"Comes now E. J. Wenner, as county attorney of Black Hawk County, state of Iowa, and in the name and by the author-

ity of the state of Iowa accuses Leslie Hanner, Edsle Hanner,
and Earl McBain of the crime of murder in the
first degree, committed as follows: The said
Leslie Hanner, Edsle Hanner, and Earl McBain,
on or about the 28th day of December, A. D. 1916, did, while in
an attempt to perpetrate a felony, to wit, robbery in and upon
the body of one Tony Gunanas, then and there willfully, feloni-
ously, deliberately, premeditatedly, and of their malice afore-
thought did commit an assault with a deadly weapon, being a
pistol, then and there held in the hands of the said Leslie Han-
ner, and loaded and charged with powder and bullet, and then
and there the said Leslie Hanner did, while in attempting to
perpetrate said felony, to wit, robbery with the specific intent to
kill and murder the said Tony Gunanas, willfully, feloniously,
deliberately, and premeditatedly, and of his malice aforethought,
shoot off and discharge the contents of the said deadly weapon,
being the powder and bullet aforesaid, at, against, and into the
heart and body of the said Tony Gunanas, thereby willfully,
feloniously, deliberately, premeditatedly, and of *their* malice
aforethought inflicted upon the heart and body of the said Tony
Gunanas a mortal wound, of which mortal wound the said Tony
Gunanas then and there did die. Contrary to the form of the
statute in such case made and provided, and against the peace
and dignity of the state of Iowa.''

1. HABEAS CORPUS:
grounds of rem-
edy: defectively
charged offense.

On the 11th day of January following, the three defendants
named in the information appeared in open court with their
attorneys, and the record stated that:

''They are informed against by their right names, waive
formal arraignment, and, after being fully advised as to the
character of the charge against them, plead that they are guilty
of the crime of murder, as charged in the information, waive time
for sentence, and ask that sentence be now pronounced.''

The court proceeded to take the evidence, determined the
degree of the crime of which the defendants had pleaded guilty,
and found ''all of the defendants guilty of the crime of murder
in the first degree;'' and, after the statutory steps had been fol-
lowed, judgment was entered, and part of it is as follows:

''It is therefore ordered and adjudged by the court that the
defendants, Leslie Hanner, Edsle Hanner, and Earl McBain, be
committed to the penitentiary of the state of Iowa, at Ft. Madi-

son, Iowa, at hard labor for the term of their natural lives, and that they pay the costs of this prosecution."

The appellants succinctly state the single question before the court in the following language:

"If the Black Hawk district court had jurisdiction of the offense of murder against these appellants, this appeal must be dismissed; or, if the Black Hawk district court did not have jurisdiction of the offense of murder against these appellants, the judgment imposing life imprisonment is a nullity."

Stated in another way, the contention is that, under this county attorney's information hereinbefore set out, there is no charge of murder against either of these appellants, but that it expressly negatives the charge that these appellants are guilty of the crime of murder. If we assume at this point that the information is defective and unskillfully drawn, this is not enough, in a habeas corpus proceeding, to entitle the appellants to the relief demanded. As clear a statement of the rule as we have been able to find is in *In re Robinson*, 73 Fla. 1068 (75 So. 604), where it is said:

"Where habeas corpus is invoked to obtain the discharge of a person held in custody to answer a charge of crime, it must be shown that the statute under which the charge is made is invalid, or that the charge as made is not merely defective in its allegations, but wholly fails to state any offense under the laws of the state. The writ of habeas corpus cannot be used as a substitute for a motion to quash or a writ of error or an appeal" (citing authorities).

The same rule is stated, in effect, by the Montana court in *In re Farrell*, 36 Mont. 254 (92 Pac. 785), where it is said:

"* * * if an information states facts which do not constitute any crime known to the law, or undertakes to state such an offense, and the facts stated do not constitute the offense, and no addition to them, however full and complete, can supply what is essential, then the court is without jurisdiction to put the complainant on trial. In such case the judgment cannot be corrected. It is simply void. Imprisonment under execution thereon is illegal, and the complainant is entitled to his release, even though he might secure the same relief on appeal."

An elaborate discussion of these theories will be found in L. R. A. 1918B, notes commencing on page 1156.

The line of demarcation seems to be between the question of a defective indictment and no indictment. The question, therefore, before us is whether or not the indictment under consideration shall be considered as a defective indictment, from which, by adding certain allegations to those already made, a good indictment could be had; or whether, in fact, if we take all that is said, it amounts to no indictment. Before we discuss this question, it may be well to turn our attention to some other questions at the threshold of this matter.

By Chapter 227, Acts of the Thirty-third General Assembly, in 1909, the statute with relation to indictments was amended, and among other provisions is the following:

"All objections to the indictment relating to matters of substance and form which might be raised by a *plea in abatement* shall be deemed waived if not raised by the defendant before the jury is sworn on the trial of the case."

At first blush, it would seem that, under this section of the statute, the appellants are not in a position to complain; but a more careful study raises doubts as to whether this section has any application to the question before us. The section provides only for waiver of those matters "which might be raised by a plea in abatement." Does this matter here in question come within the definition of a "plea in abatement," as used in this section of the statute?

2. INDICTMENT AND INFORMATION: plea in abatement: waiver: applicability.

Generally speaking, as to such matters there are two kinds of pleas recognized in law: to wit, a plea in abatement and a plea at bar. Ordinarily, a plea in abatement is purely a dilatory plea (but see *State v. Gregory*, 198 Iowa 316; *State v. Cooper*, 169 Iowa 571; *State v. Costello*, 200 Iowa 313); while a plea at bar, if sustained, amounts to a final adjudication. The common law recognized these two pleas and added a third, to wit, a plea to the jurisdiction. 2 Russell on Crimes and Misdemeanors (8th Ed.) 1815.

That a plea in abatement may be waived, is not only true under our statute, but is true under the general law. See Joyce on Indictments (2d Ed.), Section 267; Hughes on Criminal Law and Procedure, Section 943.

We are inclined to hold that the common-law distinction, making a plea to the jurisdiction one of the pleas which may be

made in answer to an indictment, should still be recognized;

**3. Indictment and Information: sufficiency: non-jurisdiction because of defect.** that, this being true, the aforesaid section of our statute, providing for waiver of pleas in abatement, would not be available on the question we have before us in this case.

Reverting now to our original discussion, we find that the claims of the appellants herein are twofold. They insist: (1) That, as against these two parties, the statements in the indict-

**4. Indictment and Information: sufficiency: insufficient defect to exclude jurisdiction.** ment do not charge either one of them with any crime known to the statutes of the state; (2) that, if it be admitted that the indictment does charge all three of the named defendants with the crime of an assault, it goes no further; and if the indictment in fact charges the crime of murder in the first degree against any person, it is only against Leslie Hanner, and it makes no such charge of murder against either of these appellants.

Under the information, no one could question that a personal charge of assault is made against the three named defendants; hence the first contention here made,—that the information charges no crime,—is not well taken.

As to the second contention, the question is more troublesome. It appears that the attempt of the drawer of this information was to charge all three of these defendants with the crime of murder in the first degree, committed by them while they were engaged in the commission of a robbery. The question is: Does it fail to do this? It undoubtedly charges Leslie Hanner with murder in the first degree. Is there sufficient in the information, as against these two appellants, to hold that it is a defective information; or should it be held, so far as the charge of murder is concerned, to be no information? The information does say, as against the three defendants named, that, while they were attempting to perpetrate a robbery on one Tony Gunanas, they then and there "willfully, feloniously, deliberately, and premeditatedly, and of malice aforethought, did commit an assault with a deadly weapon, being a pistol then and there held in the hands of the said Leslie Hanner, and loaded and charged with powder and bullet." This charge is sufficient to show that all three of the defendants were engaged in the robbery and assault with a deadly weapon. It then proceeds, in substance, to allege that Leslie Hanner, while engaged in said robbery with a specific

intent to kill or murder Gunanas, shot the said Gunanas "of *their* malice aforethought." Of course, only one man could do the shooting with a revolver. The most that the other two could possibly do would be as aiders or abettors or accessories before the fact. The section of the statute in force at the time of this information was Section 5299, Code of 1897, which reads as follows:

"The distinction between an accessory before the fact and a principal is abrogated, and all persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense, or aid and abet its commission, though not present, must hereafter be indicted, tried and punished as principals."

For an application of this section, see *State v. Pugsley,* 75 Iowa 742; *State v. Boggs,* 166 Iowa 452.

It is apparent that the prosecutor, in drawing this information, was attempting to avail himself of the provisions of this section of the statute. The information is inartificially drawn, and lacks some of the necessary allegations; yet, to our minds, it is not so wholly wanting as that it could be held to be no information.

It is also to be noted, in passing, that the plea of defendants entered of record herein is not a general plea of guilty, but states specifically that they plead guilty to murder. Defendants were represented by able counsel, and the contents of the information seem to have been sufficient to inform them of what was intended to be charged. Section 5280, Code of 1897, with reference to what must be contained in an indictment, says:

"2. A statement of the facts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

They knowingly entered the plea of guilty to the charge of murder; and, while the indictment was probably subject to attack by way of demurrer or motion in arrest of judgment, we do not deem it so wholly wanting as that it could now be successfully attacked in a proceeding of this kind.—*Affirmed.*

De Graff, C. J., and Evans and Morling, JJ., concur.