STATE OF IOWA, Appellee, v. E. D. MARSHALL, Appellant.

**FALSE PRETENSES:** Elements—Check on Insufficient Deposit. The obtaining of money on a check by the drawer thereof when he knows he has no sufficient funds in the drawee bank for the payment of the check may not be prosecuted as a *felony* under the false pretense statute (Sec. 13045, Code of 1924) when the legislature has specifically declared such a transaction to be a mere *misdemeanor*. (Secs. 13047–13049, Code of 1924.)

Headnote 1:  7 C. J. p. 675; 25 C. J. pp. 612, 618; 31 C. J. p. 702.

Headnote 1:  52 L. R. A. (N. S.) 919; 5 A. L. R. 1254; 11 R. C. L. 852.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

DECEMBER 14, 1926.

Indictment for obtaining money by false pretenses. Defendant's demurrer to the indictment was overruled. A plea of not guilty being entered, trial was had, and a verdict of guilty rendered. The judgment imposed an indeterminate sentence of seven years in the penitentiary. The defendant has appealed.— *Reversed.*

*E. D. Marshall, pro se.*

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

EVANS, J.—The salient facts in the case are not greatly in dispute. The defendant drew a check for $10 upon the Des Moines National Bank. He delivered the same to the Lloyd Hotel, and obtained $10 therefor. Payment of the check was refused by the bank on the ground that the drawer's account had

not sufficient funds to pay the same. Sometime thereafter, the defendant paid the check to the Lloyd Hotel, but did not do so within three days, nor until after the return of the indictment. The check was drawn on November 25, 1925, and the indictment was returned on December 23d of the same year. The indictment was predicated upon the provisions of Section 13045, Code of 1924. The defendant demurred to the indictment on the ground that the specifications of fact set forth in such indictment described an offense under Section 13047, Code of 1924, and such only. The question thus raised was preserved throughout the trial by appropriate motions and objections, and it now comes before us as the important question in the case. Sections 13045, 13047, 13048, and 13049 are as follows:

"13045. If any person designedly and by false pretense, or by any privy or false token, and with intent to defraud, obtain from another any money, goods, or other property, or so obtain the signature of any person to any written instrument, the false making of which would be punished as forgery, he shall be imprisoned in the penitentiary not more than seven years, or be fined not exceeding five hundred dollars, or be imprisoned in the county jail not exceeding one year, or be punished by both such fine and imprisonment."

"13047. Any person who shall make, draw, deliver, utter, or give any check, draft, or written order upon any bank, person, or corporation and who secures money, credit, or thing of value therefor, and who knowingly shall not have an arrangement, understanding, or funds with such bank, person, or corporation sufficient to meet or pay the same, shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not to exceed one hundred dollars, or by imprisonment in the county jail not to exceed thirty days."

"13048. The fact that payment of said check, draft, or written order when presented in the usual course of business shall be refused by the bank, person, or corporation upon which it is drawn, or that it be protested for nonpayment for lack of such arrangement, understanding, or funds with which to meet the same, shall be material and competent evidence of such lack of arrangement, understanding, or lack of funds."

"13049. Payment upon demand by the drawee or within

three days by the drawer shall prevent further prosecution under the second preceding section.''

The indictment charged the presentation of the check as a representation that funds were on deposit to meet the same, and that the defendant received from the injured party the sum of $10 by such false pretense. These allegations were conformable to the provisions of Section 13045. The indictment further charged as follows:

''Whereas, in truth and in fact all of the said pretenses and representations were false and untrue, as he, the said defendant, then and there well knew, and he, the said defendant, did not then and there have on deposit in said bank any sum or sums of money, and in truth and in fact had no funds on deposit in said bank upon which to issue orders or checks therefor, and he, the said defendant, had no arrangements or agreement with the said bank to honor the check or checks of said defendant; and he, the said defendant, was then and there not authorized to draw checks or issue orders on any money or funds in said bank, as he, the said defendant, then and there well knew.''

This latter part of the indictment was an apparent attempt to conform to the requirements of Section 13047. It will be noted that the offense described in Section 13045 is made a felony; whereas that described under Section 13047 is a misdemeanor only, and not indictable. The contention for the appellant is that the enactment of Section 13047 was intended to qualify the scope and application of Section 13045. The State resists this contention upon the authority of what we said in *State v. Foxton*, 166 Iowa 181, and in *Mulroney Mfg. Co. v. Weeks*, 185 Iowa 714. Section 13047 went into effect on July 4, 1917. In *State v. Foxton*, relied on by the State, we construed Section 13045 as being sufficiently broad in its terms to cover just such a state of facts as is now before us. We also said in that case that this section of the Code was broader in its terms, and therefore in its scope, than were many of the statutes in other jurisdictions. This decision was rendered in 1914.

In the *Mulroney* case, we held in a civil proceeding that the obtaining of goods by an insolvent upon presentation of his check, which he knew would not be paid, was an obtaining of goods by false pretenses, within the meaning of the existing statute, and justified rescission of the contract of purchase and

the reassertion by the seller of the title to his property. This decision was rendered in March, 1919. Some stress is laid by the State upon this case, because it was decided at a time subsequent to the enactment of the present Section 13047. Counsel overlook, however, that the transaction under consideration in that case was had in 1916. The case was necessarily controlled by the law in force at that time. The holding therein also was predicated upon *State v. Foxton*, above cited. Manifestly, in neither of the cited cases had we any occasion to consider the present question presented, and we see nothing in them which aids the contention of the State. We must give appropriate effect to Section 13047. It is no answer thereto to say that we held to the contrary in *State v. Foxton*, and that we held there that the offense now described in Section 13047 was a felony, and punishable as provided by Section 13045. Our decision could not control future legislation. On the contrary, future legislation becomes controlling of previous decisions by this court. This section must now be construed by us precisely as though our holding in *State v. Foxton* had never been made. We must presume that by such enactment the legislature intended to change the law in some respect. It could be true that our very holding in *State v. Foxton* may have convinced the legislative body that Section 13045 was too indiscriminate in its terms and too broad in its scope, and that it should be qualified by further legislation. It may have thought that the drawing of checks upon depleted bank accounts was a sin so nearly universal, which carried so many gradations of moral turpitude, that, even though it might be fraudulent, a seven-year term in the penitentiary was too severe a punishment therefor. It is undoubtedly true that these two sections run close together, and crowd each other upon their respective grounds. But if one actually appears to trench upon the other, then concededly the older statute must recede. Section 13047 seems to cover completely those cases of false pretense wherein the pretense consists in presenting a check upon a bank where knowingly sufficient funds are not on deposit to meet the same. Section 13049 provides that payment within three days after a demand will bar the prosecution. This is a recognition of the fact that a check overdrawing an account is not necessarily worthless. It is still a promise to pay, and recovery can be had thereon against a solvent maker. For the purpose of class-

ifying the case before us under its proper section, let us suppose that the defendant had paid this check within three days, as provided by Section 13049. Could it fairly be said that such payment would not bar the prosecution? It seems clear to us that it would. To so hold would necessarily mean that the case was covered by Section 13047. It is our conclusion that the case made by the evidence brings it within Section 13047 and excludes it from the operation of Section 13045. This being so, the case should have been prosecuted as a misdemeanor, by information before a magistrate, and not by indictment in the district court. Whether the demurrer to the indictment should have been sustained, we need not determine. That would involve a consideration not simply of the evidence, but of the sufficiency of the allegations of the indictment. What is clear to us upon the record is that the motion for a directed verdict at the close of the evidence should have been sustained on the grounds here indicated.

In view of this conclusion, we have no occasion to consider the many other questions argued in the case.

The judgment below is reversed.—*Reversed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.