T. E. HUMPHREY, Appellee, v. T. P. HOLLOWELL, Appellant.

**FALSE PRETENSES:** Elements—False and Genuine Instruments Differentiated. An indictment charging the obtaining of property by means of a *false and spurious order* charges an offense as defined in Sec. 13045, and not as defined in Sec. 13047, Code of 1924, the latter section dealing solely with *genuine* instruments.

Headnote 1: 25 C. J. pp. 588, 613, 618.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

MARCH 8, 1927.

This was a habeas corpus proceeding in the district court, the plaintiff being a convict held in the penitentiary at Fort Madison, and the defendant being the warden of such penitentiary. The trial court sustained the writ and discharged the prisoner, from which judgment the defendant has appealed.—*Reversed.*

*John Fletcher,* Attorney-general, *Maxwell A. O'Brien,* and *Gerald O. Blake,* Assistant Attorney-generals, and *J. M. C. Hamilton,* for appellant.

*E. D. Marshall,* for appellee.

EVANS, C. J.—The plaintiff had been duly convicted in the

district court of Polk County of the crime of obtaining property by false pretenses, in violation of Section 13045 of the Code of 1924. The contention in his behalf was, and is, that the facts charged in the indictment disclosed a violation only of Section 13047, and that such offense was a misdemeanor only, and not triable by indictment. Reliance is had upon our holding in *State v. Marshall*, 202 Iowa 954, the contention being that the holding of the district court is pursuant to our holding in the cited case.

The question, therefore, is whether the facts charged in the indictment classify the case as one which should have been prosecuted as a misdemeanor, under Section 13047, or as a felony, under Section 13045. The indictment herein charges that the prisoner obtained from the Likly Luggage Company merchandise to the value of more than $80, by certain false pretenses. These were that he presented to the Likly Luggage Company a purported request or order, purporting to be signed by B. D. Lyons, the purchasing manager of the Armand Company, of Des Moines; that, upon the faith of this purported order, the said Likly Luggage Company delivered to Humphrey, the prisoner, two traveling bags of the value of $40 each. The order was set forth in the following form:

```
                    "Purchase Order        No. 704
                "Armand Company
                    "Des Moines, Iowa
                        "Armand Company
                            "Des Moines, Iowa
                    "Approved Order No. 704.
                        "By C. J. M.
                    "Purchasing Department
"Likly Luggage Co.
"City
"Please furnish us:
    "1 Gladstone Bag (tan)..................$40.00
    "1 Traveling Bag (tan)..................$40.00
"Invoice must bear Order No.
                        "B. D. Lyons
                        "Pch. Mgr."
```

The indictment also charged that the said Humphrey rep-

resented himself to be W. M. Lawler. It was also charged therein that said purported order was spurious and false in all respects, and that it was never issued or authorized by the Armand Company, nor executed by its purchasing manager, nor by anyone else in its behalf. The substance of the charge, therefore, was that the prisoner obtained the goods in question by the presentation of a false and forged order, which was wholly spurious and invalid as against any of the persons purporting to be parties thereto. This statement is quite sufficient in itself to wholly refute the claim that the holding of the district court was consonant with our holding in *State v. Marshall,* supra. Section 13047, Code of 1924, is as follows:

"Any person who shall make, draw, deliver, utter, or give any check, draft, or written order upon any bank, person, or corporation and who secures money, credit, or thing of value therefor, and who knowingly shall not have an arrangement, understanding, or funds with such bank, person, or corporation sufficient to meet or pay the same, shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not to exceed one hundred dollars, or by imprisonment in the county jail not to exceed thirty days."

We held in *State v. Marshall,* supra, that the enactment of Section 13047 indicated the legislative intent to carve out of Section 13045 a lesser offense, and to make the same punishable as a misdemeanor only. What was the offense thus intended to be carved out? We described it in the *Marshall* case as follows:

"Section 13047 seems to cover completely those cases of false pretense wherein the pretense consists in presenting a check upon a bank where knowingly sufficient funds are not on deposit to meet the same. Section 13049 provides that payment within three days after a demand will bar the prosecution. This is a recognition of the fact that a check overdrawing an account is not necessarily worthless. It is still a promise to pay, and recovery can be had thereon against a solvent maker."

It will be noted that Section 13047 describes no offense predicated upon a forged, false, or spurious instrument. The only offense described is predicated exclusively upon a genuine instrument, duly executed by the purported maker thereof, and valid as against him as a promise to pay. The false pretense which is denounced in this section is that pretense that funds

are on deposit in the hands of the drawee of the check sufficient to meet the check, when presented. No other pretense or token comes under the condemnation of this particular section. Offenses predicated in whole or in part upon a spurious instrument, or false pretenses other than that pointed out in Section 13047, are punishable under the provisions of Section 13045.

The offense described in this indictment does not bear even a close semblance to that described in Section 13047. Its false token was not that the maker of the instrument had funds with the drawee of the order. It was that the instrument presented was itself spurious, and that the person presenting it was not the person whom he represented himself to be. The instrument itself was invalid for any purpose, as against the purported parties thereto.

Pursuant to the *Marshall* case, we hold again that the lesser offense carved out of Section 13045 by Section 13047 is one predicated upon the pretense, knowingly false, that a genuine instrument has been protected by deposit or arrangement with the drawee thereof for its payment.

Where the false pretense goes beyond this, then the offense is punishable under Section 13045; and this is so even though the pretense defined in Section 13047 be included with such other false pretenses.

The order of the district court discharging the prisoner is accordingly reversed, and the cause is remanded for further orders consistent herewith.—*Reversed and remanded.*

All the justices concur.