HAROLD BENNY, Appellee, v. T. P. HOLLOWELL, Appellant.

**FALSE PRETENSES: Elements—Felony (?) or Misdemeanor (?)** The presentation of, and the obtaining of property on, a spurious check purporting to be signed by one other than the presentor constitutes a felony, under Sec. 13045, Code of 1924, and not a misdemeanor, under Sec. 13047, Code of 1924; the other essential elements of the felony being duly alleged and established.

Headnote 1:  25 C. J. p. 614.

Headnote 1:  11 R. C. L. 827, 830 *et seq.*

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

JULY 1, 1927.

The plaintiff was convicted of the crime of cheating by false pretenses, and was sentenced to an indeterminate term in the state penitentiary at Fort Madison. On January 31, 1927, he sued a writ of habeas corpus out of the district court of Lee County, alleging that he was being unlawfully restrained of his liberty. Demurrer to the petition was overruled. The defendant elected to stand on the demurrer, and appeals.—*Reversed and remanded.*

*John Fletcher,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, and *J. M. C. Hamilton,* County Attorney, for appellant.

*E. D. Marshall,* for appellee.

STEVENS, J.—The indictment in this case charged the defendant with the crime of cheating by false pretenses, committed by the passing of a check purporting to be signed by the Red Ball Stores, Inc., and payable to H. Benny. The indictment further charged that the said defendant represented himself to be the payee of said check, and that it was a good and valid instrument, and would be paid upon presentation; that all of the statements and representations made by the defendant were false; that he was not the payee named in the instrument; and that said check was worthless,—all of which was known to him.

A trial upon the indictment resulted in the conviction and sentence of the defendant to an indeterminate term in the penitentiary. The sole question in the case is whether the indictment charges the crime defined by Section 13045 or the misdemeanor defined in Section 13047 of the Code of 1924.

These statutes were considered and distinguished in *State v. Marshall*, 202 Iowa 954. The check does not purport to have been drawn by the defendant. With whether the indictment sufficiently charges the crime of cheating by false pretenses we are not concerned, but that such was the manifest purpose of the pleader there can be no doubt. The case is ruled by our recent decisions, and nothing further need be said. *McBain v. Hollowell*, 202 Iowa 391; *Furey v. Hollowell*, 203 Iowa 376. The demurrer to the petition should have been sustained.

The judgment below is reversed, and the plaintiff is remanded to the custody of the warden of the state penitentiary at Fort Madison.—*Reversed and remanded.*

EVANS, C. J., and FAVILLE, VERMILION, and KINDIG, JJ., concur.