JAY CONKLING, Appellee, v. T. P. HOLLOWELL, Appellant.

**FALSE PRETENSES: Elements—Felony (?) or Misdemeanor (?)** The district court has no jurisdiction of an indictment or trial information which charges, in effect, the fraudulent obtaining of money (1) on a check drawn by himself in an assumed name, and (2) on the mere representation that the check was of face value (which was untrue); as such charge constitutes an unindictable misdemeanor, under Sec. 13047, Code of 1924. (Note change in Code of 1927.)

**HABEAS CORPUS: When Writ Lies—Defectively Drawn Information.** The writ of habeas corpus will not lie, to test the legality of imprisonment under an indictment or trial information of which the court has jurisdiction, even though such indictment or information is defectively drawn.

Headnote 1: 25 C. J. p. 618. Headnote 2: 29 C. J. p. 42.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

JULY 1, 1927.

Action in habeas corpus, brought by appellee, Jay Conkling, a prisoner in the Iowa state penitentiary, at Fort Madison, against T. P. Hollowell, warden of the prison. Complaint by the said Jay Conkling is that he was wrongfully sentenced, under Section 13045 of the Code of 1924, when he in fact was guilty of an offense under Section 13047 only. The district court sustained the plea, and the warden appeals.—*Affirmed.*

*John Fletcher*, Attorney-general, *Maxwell A. O'Brien*, Assistant Attorney-general, and *J. M. C. Hamilton*, County Attorney, for appellant.

*E. D. Marshall,* for appellee.

KINDIG, J.—This is an action in habeas corpus, brought by Jay Conkling, a prisoner in the state penitentiary, at Fort Madison, against T. P. Hollowell, warden of the institution. The point to be determined is, Did the county attorney's information under which the prisoner was sentenced state an indictable offense, under Section 13045 of the Code of 1924, or did it merely charge an unindictable misdemeanor, under Section 13047 of said Code?

1. FALSE PRE-
TENSES: ele-
ments: felo-
ny (?) or mis-
demeanor (?)

That part of the information material to this consideration is as follows:

"The said Jay Conkling, alias J. S. Rushing, on or about the 18th day of August, A. D. 1926, in the county of Johnson and state of Iowa, did unlawfully, feloniously, designedly, by means of false pretenses, and with intent to defraud, obtain from Racine's Cigar Store No. 1, and of the property of Racine's Cigar Store No. 1, $15 in lawful money of the United States of America, and of the value of $15, by unlawfully, feloniously, designedly, by means of false pretenses, and with intent to defraud, represent that he had money in the First National Bank of Maquoketa, Iowa, and present to Racine's Cigar Store No. 1, as being worth its face value, and would be paid by said First National Bank of Maquoketa, Iowa, a certain check, said check being in words and figures substantially as follows, to wit:

"'Maquoketa, Iowa, Aug. 18, 1926.                      No. 59.
                   First National Bank.
    Pay to the order of cash                           $15.00
    Fifteen and no/100————————————————Dollars.
                                        J. S. Rushing.'

"Whereas, in truth and in fact, said Jay Conkling did not have money or an account in the said First National Bank, * * *, which was well known by said Jay Conkling * * *."

To said charge Conkling entered a plea of guilty, and was sentenced to serve an indeterminate term, not exceeding seven years, for the crime of obtaining money by false pretenses, as defined by said Section 13045.

A plaintiff in habeas corpus proceeding cannot take advantage of the fact that the information or indictment is defective or unskillfully drawn. This alone will not deprive the district court of jurisdiction. *McBain v. Hollowell,* 202 Iowa 391; *Furey .v. Hollowell,* 203 Iowa 376. Inquiry here is limited to a consideration of jurisdiction only. In other words, the writ cannot be allowed if the information stated an offense of which the district court had jurisdiction, even though such statement is improperly and defectively made. If, on the other hand, the information is so lacking in substance as to amount to no information, or the district court does not have jurisdiction of the offense attempted to be charged, there must be an affirmance in the case at bar. *State v. Marshall,* 202 Iowa 954; *Humphrey v. Hollowell,* 203 Iowa 221.

2. HABEAS CORPUS: when writ lies: defectively drawn information.

Measured by that standard, did the district court have jurisdiction to sentence the plaintiff? Said information charges Conkling, alias Rushing, obtained money by false pretenses, in that Conkling, alias Rushing, represented he had money in the bank, and that he presented the check drawn by Rushing as worth its face value, and it would be paid by the bank. Then, by way of traverse, the allegation continues that said Conkling, alias Rushing, had no money or account in the bank. There is no other accusing allegation. It is plain that the pleader intended to state an offense under Section 13047 of said Code. All the elements necessary to constitute a misdemeanor under said section are present in the information, and no other element is included. There is no allegation that the check under consideration is a forgery or in any other way spurious, nor is it claimed that fraud resulted because of false impersonation. No false token was used, according to the allegations, except such token as is necessarily and impliedly employed when a check is negotiated and there are no funds in the bank to meet the same or arrangements made for its care. Express representation that Conkling, alias Rushing, had money in the bank is no more than is inferred by negotiation of the check, and such negotiation is always an affirmative suggestion that the check is worth its face value and will be paid by the bank upon which it is drawn.

Thus the clear purpose of the pleader was to draw the in-

formation under Section 13047 of said Code, and accordingly it was so drawn. Only an unindictable misdemeanor was charged. The result thereof is that the district court which imposed the sentence had no jurisdiction of the offense. Section 13644, Code of 1924; *State v. Marshall*, supra.

Therefore, the judgment of the district court issuing the writ must be, and is,—*Affirmed*.

EVANS, C. J., and STEVENS, FAVILLE, and VERMILION, JJ., concur.