F. H. MURPHY, Appellee, v. T. P. HOLLOWELL, Appellant.

**FALSE PRETENSES:** Elements—Felony (?) or Misdemeanor (?)
An indictment which alleges the obtaining of money by the accused on false representation as to the value of a check drawn by himself, and on *other* specifically alleged material and false representations of fact, charges a felony, under Sec. 13045, Code of 1924, and not a misdemeanor, under Sec. 13047 of said Code.

Headnote 1: 25 C. J. p. 618.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

## JULY 1, 1927.

The plaintiff, a prisoner serving sentence in the state penitentiary at Fort Madison, sued out a writ of habeas corpus against the defendant, the warden thereof, alleging that he was illegally restrained of his liberty. A demurrer to the petition for the writ was overruled. The defendant elected to stand on the ruling, and the plaintiff was discharged from custody. The defendant appeals.—*Reversed and remanded.*

*John Fletcher,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, and *J. M. C. Hamilton,* County Attorney, for appellant.

*E. D. Marshall,* for appellee.

VERMILION, J.—The petition for the writ disclosed that the plaintiff herein, in 1926, was indicted under the name of George F. Mefford, by the grand jury of Mills County, for the crime of obtaining money by false pretenses. Whether he pleaded guilty to the charge or was convicted by a jury was not shown, but it was alleged that he had been sentenced to the state penitentiary for a term of seven years.

By the indictment set up in the petition it appeared that the defendant therein was charged with having falsely, unlawfully, and fraudulently represented to Kier & Son that his name was F. H. Murphy; that he was a farmer, living a few miles east of Glenwood; that his wife was one of the customers of Kier & Son; that he had funds in the Glenwood State Bank. It was alleged that the defendant's name was not F. H. Murphy; that he did not live near Glenwood, nor in Iowa, and had no wife, to be a customer of Kier & Son's; that he had no funds in the bank, nor any understanding or arrangement with the bank to meet his check; and that thereby Kier & Son, relying on such false representations, were induced to pay over to the defendant the sum of $5.00, by cashing a check for $5.00 on the Glenwood State Bank, purporting to be signed by F. H. Murphy.

The sole ground upon which it was claimed that the plaintiff herein was illegally restrained was that the indictment charged him with the offense defined by Section 13047, Code of

1924, which is not an indictable offense. No claim was made that the record did not show the conviction of the defendant.

The record does not disclose that the defendant in the indictment, when arraigned, said that his name was F. H. Murphy, but it does show that he was sentenced under that name, and sued out the writ herein in the name of F. H. Murphy, alias George F. Mefford.

If it be assumed, as, perhaps, we should, upon the record presented, that the plaintiff's name is F. H. Murphy, it would follow that the check he is charged with having given was signed by him. If the only false pretense alleged were that he had represented that he had funds on deposit in the bank to meet the check, the offense charged would be that defined by Section 13047, Code of 1924, and the case would be ruled by *State v. Marshall*, 202 Iowa 954. But that is not the case. The indictment specifically charged that, in addition to representing that he had funds in the bank to meet the check, he represented that he was a farmer, living near Glenwood, and that his wife was one of the customers of Kier & Son. The falsity of these representations, reliance thereon by Kier & Son, and the obtaining of money thereby, were alleged. These allegations, of themselves, were sufficient to charge the offense of obtaining money by false pretenses, as defined by Section 13045. Our holdings in *McBain v. Hollowell*, 202 Iowa 391, *Furey v. Hollowell*, 203 Iowa 376, and *Smith v. Hollowell* (Iowa), 214 N. W. 733 (not officially reported), are controlling. The demurrer should have been sustained.

The judgment is reversed, and the cause remanded.—*Reversed and remanded.*

All the justices concur.