THOMAS LUSK WOODS, Appellee, v. T. P. HOLLOWELL,
Appellant.

**FALSE PRETENSES:** Elements—Differentiation Showing Misde-
meanor. On a record showing (1) that one "Jack Lusk," as the
payee of a check signed by "T. L. Wood," was indicted on the mere
allegation that defendant had falsely represented the check to be of face
value, and (2) that, upon the arraignment of the defendant, he was
thereafter proceeded against and convicted as "Thomas Lusk Woods,"
it will be presumed that the check was signed by the defendant, and
that the indictment charges an offense under Sec. 13047, Code of 1924.

Headnote 1:   31 C. J. p. 564; 29 Cyc. pp. 269, 276.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

JULY 1, 1927.

The plaintiff, a prisoner serving sentence in the state peni-
tentiary at Fort Madison, sued out a writ of habeas corpus
against the defendant, the warden thereof, alleging that he was
illegally restrained of his liberty. A demurrer to the petition
for the writ was overruled. The defendant elected to stand on
the ruling, and the plaintiff was discharged from custody. The
defendant appeals.—*Affirmed.*

*John Fletcher,* Attorney-general, *Maxwell A. O'Brien,* As-
sistant Attorney-general, and *J. M. C. Hamilton,* County Attor-
ney, for appellant.

*E. D. Marshall,* for appellee.

VERMILION, J.—The facts of the case, as disclosed by the
petition for the writ, are that the plaintiff herein was, under the
name of Jack Lusk, charged by indictment with the crime of
cheating by false pretenses, the allegations of the indictment
being, in substance, that the defendant therein falsely and
fraudulently represented to one Dewey Burns that a certain
check for the sum of $10 was worth its face value, and if said
Burns would take the said check, it would be paid by the bank
on which it was drawn; and that thereby Burns, relying on such
representations, was induced to accept the check, and defendant
thereby obtained from Burns certain merchandise and money;

and that, in truth and in fact, the check was not genuine, and neither the defendant nor the purported maker of the check had any money in the bank on which it was drawn, and the check was not paid.

The check was payable to the order of Jack Lusk, and purported to be signed by T. L. Wood.

The defendant in the indictment, when arraigned, said his true name was Thomas Lusk Woods, and further proceedings against him were ordered conducted in that name. He pleaded guilty, and was sentenced under the name of Thomas Lusk Woods to the state penitentiary for an indeterminate term not exceeding seven years.

The only ground upon which his imprisonment is alleged in the petition to be illegal is that the offense charged in the indictment was a misdemeanor, and not indictable, being that defined by Chapter 268, Acts of the Thirty-seventh General Assembly, now Section 13047, Code of 1924.

Upon this state of the record, we think it must be said that the check appeared to be signed by the defendant. The use of initials in signing the check and the slight difference in the spelling of the surname, under the doctrine of *idem sonans,* do not show to the contrary. *State v. Van Auken,* 98 Iowa 674; *Loser v. Plainfield Sav. Bank,* 149 Iowa 672; *Donnel v. United States,* 1 Morris 141; *Fletcher v. Conly,* 2 G. Greene 88; *State v. McClelland,* 152 Iowa 704.

The check is set up in the indictment. It was payable to the order of Jack Lusk, the name under which the plaintiff was indicted, and appears to have been indorsed in that name. There was in the indictment an allegation that the check was not genuine, but no allegation that either the signature to the check or the indorsement was forged. There is no allegation that the plaintiff represented himself to be Jack Lusk or Thomas Lusk Woods, or that he made any false representations, save that the check was worth its face and would be paid.

The State, having indicted the plaintiff under the name of the payee of the check, and having convicted him under the name of the drawer of the check, with no allegation of false pretense other than that the check would be paid, is in no position to claim that the check itself was a false token, or was a forged instrument or bore a forged indorsement. The most that could

be said, upon the record presented, is that it appeared that the check was payable to a fictitious person, and that plaintiff negotiated the check under that name, falsely assumed by him. But this is not alleged in the indictment, and only appears as an inference from the fact that the check was so indorsed and the plaintiff was indicted in that name, when his true name was that of the drawer of the check. The allegations of the indictment cannot be aided by this inference from extraneous circumstances. Since the only false pretense set up in the indictment was that the plaintiff represented that the check was good, and would be paid by the bank on which it was drawn, we are of the opinion that the offense charged was that defined by Section 13047. The case is ruled by our holding in *State v. Marshall*, 202 Iowa 954, and the demurrer was rightly overruled. The judgment is—*Affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, ALBERT, and KINDIG, JJ., concur.