JOSEPH W. LAMB, appellant, v. FOSS DAVIS, appellee.
ALLEN MILLER IVINS, appellant, v. FOSS DAVIS, appellee.

No. 48145.

(Reported in 56 N.W.2d 481)

JANUARY 13, 1953.

Swisher & Swisher and Edward L. O'Connor, all of Iowa City, for appellants.

Robert L. Larson, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and James T. Remley, County Attorney, for appellee.

WENNERSTRUM, J.—This appeal has developed by reason of two habeas corpus proceedings which were consolidated for the purpose of trial. Upon submission to the trial court it denied the relief sought and quashed both of the writs previously issued. Each of the plaintiff-petitioners has appealed and the two causes of action, by reason of a stipulation and agreement between counsel representing the respective parties herein, have been consolidated for the purpose of this appeal. Because of their similarity we shall set out only the facts pertaining to one of the petitioners.

On June 1, 1951, a county attorney's information was filed

in the District Court of Black Hawk County, the material parts of which are as follows:

"Comes now Blair Wood, as County Attorney of Black Hawk County, State of Iowa, and in the name and by the authority of the State of Iowa, accuses Joseph W. Lamb of the crime of larceny of a motor vehicle.

"And charges that the said Joseph W. Lamb, on or about the 28th day of May, A.D. 1951, in the County of Pottawattamie and State of Iowa, did wilfully and unlawfully steal, take and carry away a motor vehicle belonging to another contrary to and in violation of section 321.82 of the 1950 Code of Iowa."

It is further shown by the record that on the day of the signing and filing of the county attorney's information the defendant in the criminal action and one of the appellants herein appeared in the district court with his attorney, and, as disclosed by the record, "states that he is charged in his right name, waives formal arraignment, waives time to plead, and pleads that he is guilty of the crime of larceny of a motor vehicle, as charged in the information, and waives time for judgment." On June 15, 1951, the appellant herein appeared in court with his attorney and as shown by the record the following transpired:

"Thereupon the defendant is informed by the court of the nature of the crime to which he has plead guilty, to-wit: larceny of a motor vehicle, his plea of guilty, and is asked by the court whether he has anything to say why the sentence of this court should not be pronounced against the said defendant."

The appellant was thereafter sentenced to a term of not to exceed ten years in the Iowa Men's Reformatory at Anamosa, Iowa. Identical procedure was followed pertaining to Allen Miller Ivins.

On February 4, 1952, similar petitions were filed in the district court of Iowa in and for Jones County by the two petitioners and against the appellee, Foss Davis, Warden of the Iowa Men's Reformatory. In each of the petitions it is contended that the sentence imposed is and was wrongful and illegal in that the county attorney's information which charged

the respective appellants with a crime alleged that an automobile was stolen by the appellant in the county of Pottawattamie contrary to and in violation of section 321.82 of the 1950 Code of Iowa. It is further alleged that in said information no reference is made to section 321.83 of the 1950 Code.

In the petitions for a writ of habeas corpus it is further stated that the county attorney's information to which the respective appellants entered their pleas of guilty did not state an offense, that the offense of stealing an automobile in another county did not give the court in Black Hawk County jurisdiction unless the respective petitioners were charged with violating the provisions of section 321.83, that the allegations of the information do not constitute any offense known to law in that they accuse the petitioner of committing a crime in a county other than the county in which he was prosecuted, and it is therefore alleged that the district court in and for Black Hawk County never obtained jurisdiction. Each of the petitioners prayed that a writ of habeas corpus be issued and that he be discharged from custody.

Writs of habeas corpus were thereafter issued and subsequently a consolidated proceeding was had in the District Court of Jones County in the respective cases of Joseph W. Lamb, plaintiff, v. Foss Davis, defendant, and Allen Miller Ivins, plaintiff, v. Foss Davis, defendant. The particular sections to which reference has been made and regarding which we are concerned are hereinafter set forth:

"321.82 Larceny of motor vehicle. If any person steal, take and carry away, irrespective of value, any motor vehicle, he shall be punished by imprisonment in the penitentiary not more than ten years, or by fine of not more than one thousand dollars, or by both such fine and imprisonment." 1950 Code.

"321.83 Jurisdiction. Jurisdiction of such offense may be in the county where such motor vehicle was stolen, or through or into which it was taken, carried, or transported by the person or persons who committed the theft, or by any person or persons confederated with him or them in such theft." 1950 Code.

In this court the appellants assert that the District Court

of Jones County erred in holding that the District Court of Black Hawk County had jurisdiction and power to try and punish them under a county attorney's information which charged them with the crime of larceny of an automobile in Pottawattamie County, Iowa.

Constitutional and other statutory enactments which are pertinent to our discussion herein are as follows:

Article V, section 6. "Jurisdiction of district court. Sec. 6. The District Court shall be a court of law and equity, which shall be distinct and separate jurisdictions, *and have jurisdiction in civil and criminal matters arising in their respective districts,* in such manner as shall be prescribed by law." Constitution of Iowa. (Italics supplied.)

"753.2 Jurisdiction of district court. The local jurisdiction of the district court is of offenses committed within the county in which it is held, and of such other cases as are or may be provided by law." 1950 Code.

"777.3 Failure to demur—waiver. All objections to the indictment relating to matters of substance and form which might be raised by demurrer shall be deemed waived if not so raised by the defendant before the jury is sworn on the trial of the case." 1950 Code.

"777.7 Jurisdiction in another county—procedure. If a demurrer is sustained on the ground that the offense charged was within the exclusive jurisdiction of another county in this state, the same proceedings shall be had as provided in case of the discharge of a jury for want of jurisdiction of the offense charged."

I. A county attorney's information shall be considered and construed in the same manner as is applicable to an indictment. Section 769.12, 1950 Code. Consequently the statutes previously quoted and our subsequent reference to cited cases pertaining to an indictment will and should have the same application to a county attorney's information.

II. In the constitutional reference heretofore noted it will be observed that the district court shall "have jurisdiction in civil and criminal matters arising in their respective districts, in such manner as shall be prescribed by law." In the

case of State v. Rowley, 198 Iowa 613, 615, 198 N.W. 37, 38, this court, in commenting on the constitutional right to a speedy trial as provided by section 10 of Article I of the Iowa Constitution, stated: "This provision is for the benefit of an accused person who claims its protection. It may be waived by him. * * *" See also Pines v. District Court, 233 Iowa 1284, 10 N.W.2d 574. If the right to a speedy trial may be waived, we see no reason why a constitutional or statutory right to have criminal cases tried in a particular county or district also may not be waived. And in the case of Brown v. State, 219 Ind. 251, 264, 37 N.E.2d 73, 78, 137 A. L. R. 679, 685, in passing upon a question somewhat similar to the one raised in the instant case, that court stated:

"The right to have the case tried in a certain county, as guaranteed by the Constitution and statute, was a right personal to the appellant, which he could waive and which, pursuant to the provisions of §2-1011 Burns' 1933, §115, Baldwin's 1934, he is deemed to have waived by not having made an appropriate objection in the trial court."

III. It will be observed by reading section 777.7, 1950 Code, that a demurrer to an indictment or information is anticipated when and if an offense charged is within the exclusive jurisdiction of another county in this state. We should then consider the effect of a failure to demur where an offense charged is within the exclusive jurisdiction of another county in this state. In section 777.3, 1950 Code, it will be observed that a failure to demur by reason of "objections to the indictment relating to matters of substance and form * * * shall be deemed waived if not so raised by the defendant before the jury is sworn on the trial of the case." And this would be equally true where there was a failure to demur before a plea of guilty is entered. It is therefore apparent that by reason of the failure to timely question the information filed against the respective appellants they waived all objections to the information filed against them. See State v. Bading, 236 Iowa 468, 473, 17 N.W.2d 804; McBain v. Hollowell, 202 Iowa 391, 397, 210 N.W. 461.

By reason of our previous comments we have concluded that the trial court was correct in its rulings in the habeas corpus proceedings and therefore should be affirmed.—Affirmed.

SMITH, C. J., and BLISS, OLIVER, MULRONEY, HAYS, and THOMPSON, JJ., concur.