FOREMAN v. HUNTER, SHERIFF.

1. **Alien Jurors:** VERDICT BY, VOIDABLE, NOT VOID. A verdict rendered by a jury, two of whose members were aliens, is erroneous but not void. It might be reversed on appeal, but it cannot be disregarded as a nullity.

2. **Criminal Law:** SELLING INTOXICATING LIQUORS: INFORMATION. In an information for selling intoxicating liquors, it is not necessary to set forth the kind of liquor sold.

3. **Judgment:** BIASED COURT: NOT VOID. Where a justice had enough of feeling in a case to contribute to a fund for the procurement of a witness for the prosecution, while it was very reprehensible for him to try the case, yet, as he was not a party to, and does not appear to have had any pecuniary interest in, the case, his judgment is not void.

*Appeal from Jasper District Court.*

THURSDAY, OCTOBER 19.

THE plaintiff filed a petition praying for his discharge, upon a writ of *habeas corpus*, from the Jasper county jail. The

writ of *habeas corpus* was duly issued and upon the hearing the court refused to discharge the petitioner. The plaintiff appeals.

*Winslow* and *Wilson*, for appellant.

*Smith McPherson*, *Attorney-general*, for appellee.

DAY, J.—The evidence upon which the case was heard is not before us.

The petition in substance alleges that the imprisonment and restraint of the plaintiff are by virtue of a mittimus issued by one J. L. Johnson, a justice of the peace in and for Jasper county, upon a judgment of conviction upon seventeen counts in an information charging the petitioner with the sale of intoxicating liquors; that the judgments entered upon every count of the information are void, and, the imprisonment is illegal, for the following, among other reasons:

*First.* Two of the jury which tried the cause were not citizens of the United States, which fact was not known to petitioner until after the verdict was rendered.

*Second.* The said judgments and each of them, except the one entered upon the fifth count in the information, are wholly void, because the matters and things alleged in said counts do not constitute any violation of any statute of the State.

*Third.* That a witness was hired and paid the sum of twenty-five dollars to testify in said cause against petitioner, which sum was made up by subscription or donation, and that among the said contributors was the said J. L. Johnson, who was the court that tried the case. The petitioner further alleges that the justice fixed the appeal bond at thirty-five hundred dollars, which is excessive and oppressive, and in violation of the Constitution of the State.

The court upon the hearing of the cause found that the allegations in the plaintiff's petition are true, except in relation to the information upon which petitioner was tried, respecting which the facts are as follws: "Each of the several counts, except the fifth, was in the following words, that is to say:

"And the defendant is further accused of the crime of selling intoxicating liquors.   For that the defendant did, at the town of Newberg, in Jasper county and State of Iowa, on or about the 29th day of October, A. D. 1881, sell to Fred Simpson, a person then and there being, intoxicating liquors, contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Iowa.

"That the fifth count charged the sale of whisky, and defendant has been imprisoned, as he alleges, more than the time fixed as the penalty for said offense charged." Upon these facts the court held as a matter of law that the judgments upon the several counts are not void, but that the bail fixed upon appeal is excessive.   The court thereupon dismissed the writ of *habeas corpus*, and reduced the bail, upon appeal, to two hundred dollars.

I.   It is insisted that the judgments are void because two of the jurors trying the cause were aliens.   It may be conceded that it is the duty of the State, as claimed by appellant, to put legal jurors in the box to try a cause. A judgment rendered by a disqualified jury is erroneous, but not void.   It might be reversed upon appeal, but it cannot be disregarded as a nullity.   In Cooley's Constitutional Limitations, second edition, page 410, it is said: "Even the denial of jury trial, in cases where that privilege is reserved by the Constitution, does not render the proceedings void, but only makes them liable to be reversed for the error."

II.   It is claimed that no valid judgments can be entered upon any of the counts of the information except the fifth, because they simply charge the defendant with selling intoxicating liquors.   The objection made to these counts of the information is, that they do not set forth the kind of liquor sold. It is said that "if it was charged that whisky was sold, or any other liquor which *ex vi termini* showed that the sale of it was prohibited, we concede it would have been sufficient, however defectively it might have been alleged."

It is further said: "The various counts in the information,

except the fifth, in substance charge the defendant with sel-ling intoxicating liquors, and that is all. These words charge no offense. One may lawfully do this. No statute prohibits it, and no support is given it by adding that it was done contrary to the statute." We cannot concede the correctness of this position of counsel. The provisions of the statute upon this subject are very plain. Section 1542 of the Code declares it to be a misdemeanor for any one to own or keep, or be in any way concerned, engaged or employed, in owning or keeping any intoxicating liquor with intent to sell the same in this State in violation of the provision of the chapter in which the section is found. Section 1555 of the Code provides that wherever the words intoxicating liquors occur in this chapter, the same shall mean alcohol and all spirituous and vinous liquors. Section 1549 of the Code provides that, in any indictment or information arising under this chapter, it shall not be necessary to set out exactly the kind or quantity of intoxicating liquors manufactured or sold. Under these provisions of the statute, it seems very clear to us that these counts in the information charge an offense.

III. It is claimed thas the judgment is void because of the interest of the justice.

Where a judge is a party, or has a pecuniary interest in the result of a suit, a judgment rendered by him is void. See Cooley's Constitutianal Limitations, second edition, pages 410, 413, and authorities cited. It does not appear, however, that the justice who tried this case had any pecuniary interest in the result. He simply contributed to a fund raised to procure a witness to testify in the case on behalf of the prosecution. This certainly would have been ground for a change of venue, if the defendant had insisted upon it. It was very reprehensible for the justice to try a cause in which he had enough of feeling to contribute to a fund for the procurement of witnesses. Still we are of the opinion that this judgment cannot be regarded as a nullity. The petition for the writ of *habeas corpus* does not allege that these facts were unknown to the defendant at the time of trial.

He might have applied for a change of venue; or, if the judgment entered against him was unjust, he might have appealed, and thus corrected the error. The judgment of the District Court is, we think, correct.

AFFIRMED.