67 641
81 343

## THE STATE v. NORTON.

1. **Criminal Law:** PRACTICE: NEGLECT TO READ INDICTMENT AND MAKE OPENING STATEMENT TO JURY: IRREGULARITY WAIVED. The district attorney in this case introduced his evidence and rested without reading the indictment or making an opening statement to the jury. On this account the defendant then filed a motion for his acquittal and discharge; but the court overruled the motion and allowed the indictment to be read, and offered to allow defendant to make a statement of his defense, which he declined to do. *Held* that the defendant waived the irregularity by failing to object to the introduction of the state's evidence at the time, and that no reversal could be had on account thereof.

2. **Intoxicating Liquors:** SALE BY UNLICENSED PHARMACIST THROUGH LICENSED CLERK. An unlicensed pharmacist who conducts a drug-store cannot escape the penalty of the law for the unlawful sale of intoxicating liquors, by showing that the sales were made for medicinal purposes by his clerk, who was a licensed pharmacist; and evidence of such alleged facts was properly excluded.

*Appeal from Hamilton District Court.*

MONDAY, DECEMBER 14.

THE defendant was indicted for keeping, in a certain building, intoxicating liquors, with intent to sell the same in the building in violation of law. There was a verdict of guilty, and judgment was rendered upon the verdict. The defendant appeals.

*N. B. Hyatt*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ADAMS, J.—I. Upon the trial of the case the district attorney, by oversight, omitted to read to the jury the indictment, and omitted to make a statement of the case, but proceeded at once and introduced the evidence in behalf of the state, and rested. The defendant then filed a motion for an order directing his acquittal and discharge, on account

of the fact that the indictment had not been read, and no statement of the case had been made; but the court overruled the motion, and allowed the indictment to be read, and offered to allow the defendant to make a statement in respect to his defense, which the defendant declined to make. The defendant insists that the court erred in overruling his motion. But, in our opinion, the defendant's position cannot be sustained. Possibly, if the indictment had not been read at all, no conviction should have been allowed. But it was read, and the only irregularity was in the time in which it was read. That irregularity we think was waived by the defendant by his failure to interpose an objection to the introduction of evidence before it was read.

II. The defendant kept a drug-store, and the liquor, alleged to have been kept with an intention to sell the same

2. INTOXICAT-
ING liquors:
sale by un-
licensed phar-
macist
through
licensed clerk.

in violation of law, was kept in the drug-store, or in a room connected therewith. The defendant claimed that the liquor was kept for the purpose of medicine, and that whatever had been sold had been sold for such purposes; and, while he did not claim to be a registered pharmacist, he offered to show that his prescription clerk was, and that all sales were made by him. But the court, upon objection by the state, excluded the offered evidence that the clerk was a registered pharmacist. In excluding such evidence the defendant contends that the court erred. It is provided in chapter 75 of the Acts of the Eighteenth General Assembly that "it shall be unlawful for any person not a registered pharmacist to conduct any pharmacy or drug-store." If the person conducting the drug-store in question was the defendant, then he was engaged in an unlawful business, for he was not a registered pharmacist. But he contends that it was his clerk, and not himself, who was conducting the drug-store, and that, if he had been allowed to show that his clerk was a registered pharmacist, he would have shown that the business of the drug-store was lawful. There is no doubt but that a person may lawfully

become the proprietor of a stock of drugs without being a registered pharmacist. But being such proprietor is quite different from conducting a drug-store. A room or building in which the business of selling drugs is conducted is a drug-store, and the conductor of the store, within the meaning of the statute, is, we think, the person who has the ultimate right to control the business in respect to its continuance or discontinuance, the employment of clerks, the fixing of prices, etc. It matters not with what powers a mere clerk may be clothed. He cannot be said to be the conductor of the store while his powers are merely derivative. In our opinion the design of the statute was to prohibit persons not registered as pharmacists from engaging in the responsible business of buying and selling drugs as dealers. In our opinion it was not material that the defendant's clerk was a registered pharmacist, so far as the question before us is concerned.

III. The court rendered judgment of a fine of $250. The defendant insists that the judgment is excessive. But no good reason is shown to us why it should be reduced.

IV. It is said that the verdict is not sustained by the evidence, but we think it is. We see no error.

AFFIRMED.