RAYMOND MCCORMICK, Appellant, v. THOMAS P. HOLLOWELL, Warden, Appellee.

GERALD HABERMAN, Appellant, v. THOMAS P. HOLLOWELL, Warden, Appellee.

No. 41619.

FEBRUARY 7, 1933.

Frantzen, Gilloon & Glenn, for appellants.

John J. Kintzinger, J. M. C. Hamilton, and Al. J. Nelson, for appellee.

EVANS, J.—On March 17, 1930, a county attorney's information was filed against these plaintiffs, charging them with the murder, on March 15, of one Hanfeldt, a city marshal in the town of Dyersville. To this information they pleaded guilty in the district court of Dubuque County and asked for immediate sentence. Sentence was accordingly pronounced imposing a life term in the penitentiary upon each of them. They challenge here the validity of the judgment of the court on the ground that the court disobeyed the mandate of Section 12913, and failed to examine witnesses as to the degree of the offense to which these petitioners pleaded guilty, and failed to enter upon the record the degree of the offense for which they were sentenced.

The county-attorney-information to which petitioners .pleaded was attended with a bill of particulars purporting to state the facts and stating the names of the witnesses by whom such facts could be proved. This bill of particulars contained a recital of the confessions or admissions made by the plaintiffs themselves after their arrest. It likewise stated the names of the officers to whom such admissions were made and by whom the same would be proved. The substance of the facts, as thus recited by the petitioners, is set forth in appellees' brief as follows:

"It is shown by the Bill of Particulars filed with the information in this case, that on March 13, 1930, petitioners, McCormick and Haberman, stole a DeSoto Roadster at Madison, Wisconsin, drove it to their home at Prairie du Sac, Wisconsin, kept it in a garage rented by the mother of one of them. That they were short of money and arranged to leave Prairie du Sac and rob oil stations to obtain money. .That on March 14th, they left their home, coming

toward Dubuque, equipped with two automatic revolvers and a change of female clothing. That on Friday, March 14th, they stopped on the highway somewhere, and at about 7:00 o'clock Saturday, March 15th, they went to an oil station at Luxemburg, Dubuque County, Iowa, covered the attendant with loaded revolvers and robbed said station. That they then fled toward Dyersville, and as they came into Dyersville, they saw an officer in the road waving his arms, said officer having a gun in one of his hands. That as they approached said officer they drove right toward him and swerved around him, and as they went by, shot and killed him. They fled from the scene of the shooting, changed their clothing, one changing to female attire. They came to Dubuque, crossed the river into Illinois and were arrested in East Dubuque. That on Sunday, March 16th, some of the relatives of defendants, and Attorney McMany, representing both defendants, called the County Attorney to the Police Station in the City of Dubuque. After some discussion of the case, Attorney McMany stated that if the State would recommend life imprisonment, both defendants would plead guilty to murder. That all of the matters were brought to the attention of the Court in the presence of Counsel McMany, for defendants."

It further appears that before entering judgment or imposing sentence, the trial court asked the petitioners and their counsel if there was any reason why sentence should not be then pronounced. This query was answered in the negative both by the plaintiffs and by their counsel. At this point the attorney for the petitioners addressed the court as follows:

"If the Court please, in answer to that question I would say no. I would like, if Your Honor please, to say that coming to your city yesterday I investigated the facts in relation to the offense of which these boys are charged, and after such investigation I became satisfied beyond question that they committed the offense which is charged against them in the Information. I became satisfied that in justice to the Court, in justice to the officers and in justice to these young men themselves, that a plea of guilty should be entered. In entering that plea of guilty I would like to say to the Court that in view of the tender age of these defendants, Gerald Habermann being under seventeen, Raymond McCormick being under eighteen, that it would be a case in which the Court would see fit to exercise and extend clemency. These boys are high school students; Habermann

is a junior in the high school and McCormick is a senior in the high school. In their community the boys are well liked; their reputation for honesty, integrity and industry is good. They come from good families and it is a real calamity, as Your Honor so well knows, that two young boys should be so mistaken in their views of life as to do the things those boys have done, and as they have admitted doing, and as for which they should be punished. I do feel that the boys when they are committed to an institution for correction or for punishment or both, that they will make good, so to speak. I do believe that their conduct will be such that when the proper time comes they may make application to the proper officers and their application for parole or pardon will receive favorable consideration. I believe that the boys will undertake to conform to every rule and regulation of any institution to which they may be committed, and I believe that if they do that, that their future destiny is pretty much in their own hands. I believe that in your state there is a parole or pardon board and it is to that board, I presume, later on they may make application either for a commutation of sentence or for a pardon. I would ask, if Your Honor please, that you would extend the clemency of the Court in imposing the sentence on these young men."

Thereupon the court entered the judgment and imposed the sentence. The court made no examination of additional witnesses. It purported to rely upon the alleged confession and the statements of their counsel as above shown. Both the alleged confession and the statement of their counsel were presented in the presence of the petitioners and were in no manner repudiated. It is not claimd now that any mitigating fact existed which was not brought to the knowledge of the court by the confession and by the statement of the counsel. The claim now is only that the failure to call witnesses and the failure to enter a finding upon the record rendered the judgment and sentence of the court void and of no effect.

II. The argument for the appellants is predicated upon Sections 1, 9, and 10 of Article 1 of the Constitution of Iowa, which article is known as the Bill of Rights, and guarantees "due process of law" to every person charged with crime; and also upon Section 6 of Article V of the Constitution of Iowa, which confers jurisdiction upon the district court and provides for the exercise thereof "in such manner as shall be prescribed by law;" and further upon Section

12913, which provides that if a defendant charged with murder be convicted upon a plea of guilty "the court must, by the examination of witnesses, determine the degree, and in either case must enter judgment and pass sentence accordingly."

The question thus presented to us is whether the failure of the court in the respect already indicated was of such a character as to render absolutely void the sentence imposed upon the petitioners. For the purpose of this appeal we are disposed to assume that the failure of the district court in the respects charged, constituted error of such a nature as to render the judgment reversible on appeal. However, the finding of reversible error will avail nothing to the petitioner in a habeas corpus proceeding. These petitioners could have obtained their review of the judgment by appeal or by writ of error, but they waived their right in that respect. They cannot obtain such review by a habeas corpus proceeding. In such a case the writ will be sustained only upon a showing that the judgment entered was absolutely void as being beyond the jurisdiction of the court. Nothing short of this will sustain the writ. In the able briefs of counsel for the petitioners their citations of authority consist almost wholly of cases reversed on appeal. They rely largely upon the emphatic character of language used in the cited cases. A decision which reviews a case on appeal and reverses for error cannot be regarded as authoritative in the case before us, however emphatic its language may be. We deem it well settled by the great weight of authority that if the court has jurisdiction of the person and of the subject matter, the judgment entered may not be assailed in a habeas corpus proceeding. Of course if the judgment entered be one which the court has no power under any circumstances to enter, a want of jurisdiction would thereby be shown, and a habeas corpus proceeding would lie. We shall content ourselves in our consideration of the case with citations of our own cases, in the main. In support of our foregoing general proposition we cite first a case from Wisconsin, which went to the Supreme Court of the United States: In re Eckart, 56 N. W. 375, and 166 U. S. 481. That case involved in its facts the very question that is presented here. In that case a simple verdict of guilty of murder was rendered, which did not specify any degree. Upon such verdict the trial court sentenced the petitioner to imprisonment for life. He sued out a writ of habeas corpus. The proceeding was dismissed on the ground that the defect complained of was not jurisdictional. On appeal to the Supreme

Court of the United States the judgment of the state court was affirmed. We quote the following from the opinion of Chief Justice White:

"In its decision refusing the writ applied for by Eckart, the supreme court of Wisconsin held that, while the conviction under the sentence in question was erroneous, the error in passing sentence was not a jurisdictional defect, and the judgment was therefore not void. In this view we concur. The court had jurisdiction of the offense charged, and of the person of the accused. The verdict clearly did not acquit him of the crime with which he was charged, but found that he had committed an offense embraced within the accusation upon which he was tried. It was within the jurisdiction of the trial judge to pass upon the sufficiency of the verdict, and to construe its legal meaning, and if, in so doing, he erred, and held the verdict to be sufficiently certain to authorize the imposition of punishment for the highest grade of the offense charged, it was an error committed in the exercise of jurisdiction, and one which does not present a jurisdictional defect, remediable by the writ of habeas corpus. The case is analogous in principle to that of a trial and conviction upon an indictment, the facts averred in which are asserted to be insufficient to constitute an offense against the statute claimed to have been violated. In this class of cases it has been held that a trial court possessing general jurisdiction of the class of offenses within which is embraced the crime sought to be set forth in the indictment is possessed of authority to determine the sufficiency of an indictment, and that, in adjudging it to be valid and sufficient, acts within its jurisdiction and a conviction and judgment thereunder cannot be questioned on *habeas corpus* because of a lack of certainty or other defect in the statement in the indictment of the facts averred to constitute a crime."

The foregoing is a complete argument on the question before us. In Hallway v. Byers, 205 Iowa 936, we said:

"Habeas corpus cannot perform the function of an appeal, nor does it lie to question the sufficiency of an indictment or information unless the act charged does not constitute an offense, by reason of the unconstitutionality of the statute declaring it to be an offense, or where there is a total failure to allege any offense known to the law."

To the same effect see *Furey v. Hollowell*, 203 Iowa 376, and *Conkling v. Hollowell*, 203 Iowa 1374. Our earlier cases are to the same effect. *Turney v. Barr*, 75 Iowa 758; *State v. Norton*, 67 Iowa 641; *Foreman v. Hunter*, 59 Iowa 550.

Some stress is laid by the appellants upon the case of *State v. Moran*, 7 Iowa 236. In that case the judgment entered below was reversed on appeal, and the language relied on by the appellants was applied to a reversible error, and was broader than the issue before the court. In a later case, *State v. Weese*, 53 Iowa 92, we qualified the language relied on by the appellants and virtually eliminated it as a precedent, although approving the reversing result on appeal. We see no occasion for further citation of cases. We deem the question settled by our own precedents. Granting that the precedents in all the states are not wholly harmonious, it is not our province to render them so.

We hold that the writ was properly discharged by the district court, and its order is accordingly—Affirmed.

KINDIG, C. J., and STEVENS, ALBERT, UTTERBACK, and DONEGAN, JJ., concur.