JACK MARSH, Appellant, v. T. P. HOLLOWELL, Appellee.

R. H. KINZIE, Appellant, v. T. P. HOLLOWELL, Appellee.

Nos. 41647; 41648.

MARCH 7, 1933.

Forsling, Cover & Schuyler, for appellants.

O. W. Harris and J. M. C. Hamilton, for appellee.

UTTERBACK, J.—The appellants and appellee in both cases stipulated that the facts in each case are the same; that the cases should be consolidated and tried together both in the district court of Iowa, in and for Lee county, and on appeal to the Supreme Court, and that the abstract in the case of Jack Marsh, appellant, v. T. P. Hollowell, appellee, should suffice as the abstract in the case of R. H. Kinzie, appellant, v. T. P. Hollowell, appellee.

On April 4, 1925, the county attorney of Greene county, Iowa, filed county attorney's information against appellants Jack Marsh and R. H. Kinzie, accusing them of the crime of breaking and entering in Greene county, Iowa, on or about the 19th day of February, 1925, and alleging that the defendant Jack Marsh had been more than twice sentenced and committed to the prisons in the states of Iowa and Illinois for terms of not less than three years each, and that he was an habitual criminal as defined by section 13400 of the Code of Iowa.

The March term, 1925, of the district court of Greene county, Iowa, opened on the 2d day of April, 1925, on which day the grand jury was impaneled. The grand jury was in session on April 2d and 3d. On Saturday, April 4th, no members of the grand jury were actually present at the courthouse and no deliberations were conducted. On Monday, April 6th, the members of the grand jury were present and continued their deliberations. There is no record of any adjournment of the grand jury between Friday, April 3d, and Monday, April 6th.

The appellants were in the custody of the sheriff of Greene

county on Friday, the 3d of April, and on Saturday, the 4th of April, 1925. The criminal case against the appellants was pending on April 2d, 1925, by virtue of charges previously filed against the appellants on March 2, 1925. On Saturday, April 4th, when the grand jurors were not actually present, the then county attorney filed the county attorney's information against the appellants as above stated.

The record shows that on Friday, April 3d, the two appellants were brought to the courthouse, where the then county attorney talked to them, at which time the appellant Kinzie proposed to the county attorney that he would plead guilty to a twenty-year sentence, at which time the county attorney advised the appellants that under the particular facts in their case, the crime charged would be breaking and entering, with the additional allegation that the appellants were habitual criminals and that their sentences on pleas of guilty would be twenty-five years.

On the following day, to wit, Saturday, April 4th, the then county attorney had consultation with the attorney for appellants, after which the said county attorney's information was filed in the office of the clerk of the district court of Greene county, Iowa. The information was in usual form and was signed and sworn to by the then county attorney. The minutes of testimony of various witnesses, whose names were indorsed thereon, were attached to the information. The presiding judge made the following order on the information, to wit:

"On the 4th day of April, A. D. 1925, being satisfied from the showing made herein that this case should be prosecuted by Information, the same as approved.

"[Signed]   R. L. McCord,
"Judge of District Court."

Thereafter, on the same day, to wit, the 4th day of April, 1925, both appellants, together with their attorney, were in open court, at which time they each entered pleas of guilty to said information, and the court made and entered judgment and sentence in the usual form against each of the appellants.

It was stipulated that the judgment and sentence as to the appellant R. H. Kinzie was in substance the same as above set out in the case against the appellant Jack Marsh. The appellants are imprisoned in the penitentiary of the state of Iowa at Fort Madison,

Iowa, and are in the custody of T. P. Hollowell, appellee, who is warden of the penitentiary.

On September 21, 1931, each of the appellants filed separate petitions against the appellee for writ of habeas corpus, asking that the appellee be directed to bring the appellants before the district court of Lee county for the purpose of inquiring into the legality of their said imprisonment. The appellants in their petition allege that they are unlawfully imprisoned, in that their imprisonment is based upon the judgments and sentences of the district court of Greene county, Iowa, above set forth, and that said judgments and sentences are void and of no legal force and effect, for the reason that the district court of Greene County, Iowa, had no jurisdiction of the subject-matter or of the appellants at the time of entering said judgments and pronouncing said sentences, in that said judgments and sentences were based upon pleas of guilty made by the appellants on April 4, 1925, to county attorney's information filed against said appellants by the then county attorney of Greene county, Iowa, with the clerk of the district court of Greene county, Iowa, on the 4th day of April, 1925, at which time the appellants allege the regular grand jury for that term of the district court of Greene county, Iowa, was in session, on account of which the county attorney of Greene county had no authority to file county attorney's information, and on account of which the court was without jurisdiction to accept appellants' pleas of guilty on said information, and to enter judgments and pronounce sentence thereon.

The appellee, for answer to petition of the plaintiff, filed general denial of the allegations contained in appellants' petitions, except that the appellee expressly admitted that the appellants were in his custody as warden of the state penitentiary under and by virtue of pleas of guilty to the county attorney's information above referred to, and by virtue of the judgments and sentences of the appellants as hereinbefore stated, and asked that the appellants' petitions be dismissed.

On the 10th day of November, 1931, the district court heard the evidence offered by appellants. At the close of appellants' testimony and after the appellants had rested, the appellee moved that the court dismiss appellants' petitions. It was agreed that the court would reserve its ruling on said motion and would hear the testimony in behalf of the appellee.

The appellee then introduced his evidence. The court having

heard the testimony offered by both the appellants and the appellee, and having heard the arguments of counsel, entered judgments and orders dismissing appellants' petitions and remanding the appellants to the custody of the appellee as the warden of the state penitentiary at Fort Madison, Iowa, to which each of the appellants duly excepted.

Thereafter, the appellants, within the time and in the manner provided by law, appealed to this court.

The question here raised by the appellants is whether or not, under the above statement of facts, the court had jurisdiction of the parties and could legally pronounce said judgments and sentences upon them, on their pleas of guilty to said county attorney's information filed on Saturday, April 4, 1925, on which day the grand jurors were not actually present; they, without making any record of adjournment, having gone to their homes after conducting deliberations on Friday, April 3d, and not meeting again for further deliberation until on Monday, April 6th.

The record shows that the crime was committed in Greene county; that appellants were at the time legally in the custody of the sheriff; that the appellant Kinzie made a proposition to the county attorney to plead guilty; that appellants were represented by counsel; that the information stated an offense of which the district court had jurisdiction; that the entire proceedings were had after conference, both with the appellants and with their attorney; that the information was approved by the court by usual order made and entered of record; and that they pleaded guilty with full knowledge of the charge filed against them by the county attorney, and of the sentences that would be imposed by the court; that sentences were imposed on April 4, 1925, and defendants committed to the penitentiary; and that no appeal was taken.

Chapter 634 of the Code of 1931, relates to the prosecution of criminal cases on county attorney informations. Code, section 13645, which is a part of said chapter 634, provides:

"The county attorney may, at any time when the grand jury is not actually in session, file in the district court, either in term time or in vacation, an information charging a person with an indictable offense. * * * *"

Under this statute the county attorney is authorized to file a county attorney's information when the grand jury is not actually in

session. From the record in this case, we find that the court, by approving the informations accepting the pleas and pronouncing the judgments in each case, evidently determined in effect that the grand jury, under the circumstances hereinbefore set out, was not actually in session, and that the county attorney, under the statute above quoted, had authority to file the said informations. The appellants did not appeal, but waited over six years, and then commenced these habeas corpus proceedings.

We hold, under the authority of McCormick v. Hollowell, 215 Iowa 638, 246 N. W. 612, and under the facts shown in this record, that the appellants cannot obtain a review by habeas corpus proceedings; that the petitions were properly dismissed by the trial court; and that the appellants were legally remanded to the custody of the warden of the penitentiary. The order of the district court is affirmed.—Affirmed.

KINDIG, C. J., and EVANS, ALBERT, and DONEGAN, JJ., concur.

STEVENS, J., concurs in result.