WILLIAM CONVEY, Appellant, v. GLENN C. HAYNES, Warden, Appellee.

No. 45552.

JUNE 17, 1941.

John T. Lyons and J. W. Templeman, for appellant.

R. N. Johnson, Jr., for appellee.

HALE, C. J.—On July 10, 1940, plaintiff filed in the Lee county district court a petition in habeas corpus in the usual form, alleging that he is confined in the penitentiary at Fort Madison by virtue of a mittimus issued out of the district court of Plymouth county; that on the 19th of November, 1919, the plaintiff, with W. Cullon and others, was indicted for the crime of murder; that he entered a plea of guilty thereto, but that the court made on examination of witnesses to determine the degree of the offense, the record does not show that the grand jury which returned the indictment was a legal grand jury, and the indictment therefore is void; and that he has been deprived of his constitutional rights, one of which was to be rep-

resented by an attorney, and has been deprived of due process of law. Copies of the indictment and mittimus were attached to the petition, and also a copy of the judgment entry in said cause, which entry shows that "the defendants * * * have right to counsel explained to them and each and all decline the assistance of counsel and all waive arraignment and each and all plead guilty of murder in the first degree *. * *." The answer of the defendant herein admitted the custody of the plaintiff, and alleged that he is being held under and by virtue of the mittimus heretofore referred to. Trial was had and plaintiff offered in evidence the indictment and copy of the judge's minutes, with a certificate from the clerk, to which objection was made and objection sustained. Plaintiff further offered the evidence of the defendant himself as to the proceedings, objection to which was sustained by the court. The State offered no evidence and thereupon the court dismissed the petition, annulled the writ of habeas corpus, and remanded the plaintiff to the custody of the defendant as warden of the Iowa State Penitentiary at Fort Madison. From this order of the court plaintiff appeals.

Plaintiff alleges that the court erred in refusing to hold that the proceedings and sentence of the Plymouth county district court were in violation of his rights under the due-process clause of the constitution, and that the court further erred in refusing to find that the Plymouth county district court had jurisdiction only to convict and sentence the plaintiff for manslaughter, and in refusing to admit in evidence the written proceedings of the Plymouth county district court or oral evidence pertaining to the same. Plaintiff argues further that it was the duty of the court to ascertain the degree of the offense by the testimony of witnesses, and that section 12503 of the Code implies that it is permissible to question the correctness, in habeas corpus proceedings, of the action of the court when not lawfully acting within the scope of its authority. Section 12503 of the Code, referred to by plaintiff in his argument (relating to proceedings under habeas corpus), is as follows: "It is not permissible to question the correctness of the action of the grand jury in finding a bill of indictment, or of the trial jury

in the trial of a cause, nor of a court or judge when lawfully acting within the scope of their authority."

The court in the instant case was acting within the scope of its authority. As we understand the plaintiff's argument, although he admits that the court had jurisdiction in the first instance, he claims that its jurisdiction was lost by reason of failure to comply with the statutes as to determining the degree of the offense. The matter, however, has been definitely determined by the court in McCormick v. Hollowell, 215 Iowa 638, 246 N. W. 612, which involved a commitment for murder on a plea of guilty in the district court and a proceeding in habeas corpus on the claim that the judgment was invalid on the ground that the court disobeyed the mandate of section 12913 of the Code, and failed to examine witnesses as to the degree of the offense, and failed to enter upon the record the degree of the offense for which the petitioners were sentenced. In that case the court relied upon an alleged confession, and statement of petitioners' counsel; and it was argued that the rights of the petitioners under sections 1, 9, and 10 of Article I of the Constitution of Iowa, which guarantees due process of law, had been violated, and that the failure of the court to examine witnesses was of such a character as to render absolutely void the sentence imposed upon the petitioners. For the purposes of the appeal the opinion assumed that the failure of a district court in the respects charged constituted error of such a nature as to render the judgment reversible on appeal, but that such finding of reversible error would avail nothing to the petitioner in a habeas corpus proceeding, and that the petitioners, if they desire to have the judgment reviewed, must do so by appeal or writ of error but cannot obtain such review in a habeas corpus proceeding. In such a case, the opinion holds that the writ will be sustained only upon a showing that the judgment entered was absolutely void as being beyond the jurisdiction of the court, and that nothing short of this will sustain the writ. The court holds that it is well settled by the great weight of authority that if the court has jurisdiction of the person and of the subject matter, the judgment entered may not be assailed in a habeas corpus proceeding. The opinion cites In re Eckart, a Wisconsin case found in 85 Wis. 681, 56 N. W.

375, and quotes from the opinion of Chief Justice White of the United States Supreme Court, holding in substance that the error in passing sentence was not a jurisdictional defect and the judgment was not void. "It was within the jurisdiction of the trial judge to pass upon the sufficiency of the verdict, and to construe its legal meaning, and if, in so doing, he erred, and held the verdict to be sufficiently certain to authorize the imposition of punishment for the highest grade of the offense charged, it was an error committed in the exercise of jurisdiction, and one which does not present a jurisdictional defect, remediable by the writ of habeas corpus." In re Eckart, 166 U. S. 481, 482, 17 S. Ct. 638, 41 L. Ed. 1085. There is cited further the case of Hallway v. Byers, 205 Iowa 936, 939, 218 N. W. 905, 906: "Habeas corpus cannot perform the function of an appeal, nor does it lie to question the sufficiency of an indictment or information unless the act charged does not constitute an offense, by reason of the unconstitutionality of the statute declaring it to be an offense, or where there is a total failure to allege any offense known to the law." See, Furey v. Hollowell, 203 Iowa 376, 212 N. W. 698; Conkling v. Hollowell, 203 Iowa 1374, 214 N. W. 717; Turney v. Barr, 75 Iowa 758, 38 N. W. 550; State v. Norton, 67 Iowa 641, 25 N. W. 842; Foreman v. Hunter, 59 Iowa 550, 13 N. W. 659. The case of McCormick v. Hollowell, supra, is cited and followed in Marsh v. Hollowell, 215 Iowa 950, 247 N. W. 304. See also, Bennett v. Bradley, 216 Iowa 1267, 249 N. W. 651, and Thrasher v. Haynes, 221 Iowa 1137, 264 N. W. 915.

We have examined the cases cited by plaintiff. They are mostly cases which have been determined upon appeal, but no Iowa case cited by him has held that in a case similar to the one at bar there was a question of jurisdiction. The case of State v. Moran, 7 Iowa 236, holding as void a verdict of guilty without specifying the degree, has been virtually overruled in State v. Weese, 53 Iowa 92, 4 N. W. 827, and eliminated as a precedent. See McCormick v. Hollowell, supra. In any event, in the Moran case the question was raised on appeal and not by habeas corpus.

·Our holding is that there was jurisdiction in the district court and that the case could not be reviewed by habeas corpus;

that the decision of the court was right, and its judgment is affirmed.—Affirmed.

MITCHELL, SAGER, BLISS, OLIVER, MILLER, GARFIELD, and WENNERSTRUM, JJ., concur.