HARRY REEVES, Appellee, v. PERCY LAINSON, Warden, Appellant.

No. 46493.

JUNE 6, 1944.

John M. Rankin, Attorney General, Wm. F. McFarlin, Assistant Attorney General, Robert N. Johnson, Jr., County Attorney of Lee county, and Edward L. Moran, County Attorney of Woodbury county, for appellant.

Harry Reeves, pro se.

BLISS, J.—It appears without dispute that: The petitioner was charged by a county attorney's information, filed in Woodbury County, Iowa, with the crime of burglary committed by unlawfully breaking and entering a building in said county and unlawfully opening a safe therein by means of an explosive; to this charge the plaintiff pleaded guilty, and waived time for pronouncing sentence, and the district court of said county rendered judgment of guilty as charged and sentenced him to forty years in the state penitentiary at Fort Madison; a mittimus was issued committing him to said penitentiary, where he was received and imprisoned. He never appealed from the judgment.

The district court of Woodbury county had jurisdiction of the appellee herein and of the crime with which he was charged. He pleaded guilty to the commission of that crime, and the court so adjudged. There is nothing in the record of the case of the State of Iowa v. Harry Reeves to sustain the charge that he was unlawfully sentenced or that he was wrongfully and illegally restrained by the appellant herein.

The court below found that the State of Iowa could not have produced sufficient evidence to sustain the crime with which Reeves was charged had he not pleaded guilty, and that the evidence would have sustained only a charge of conspiracy.

The matters found were not properly before the court. It is not the purpose of a habeas corpus proceeding to determine the guilt or innocence of the petitioner of the crime for which he is incarcerated, nor to pass upon errors in his trial, nor to retry the facts and pass upon the sufficiency of the evidence to sustain the charge. Habeas corpus cannot perform the function of an appeal from the judgment of conviction where the judgment is not void. The appellee had his opportunity to appeal. The judgment is not void and he cannot attack it collaterally by habeas corpus. We have so held many times.

Shaw v. McHenry, 52 Iowa 182, 184, 2 N. W. 1096; Foreman v. Hunter, 59 Iowa 550, 553, 13 N. W. 659; Springstein v. Sanders, 182 Iowa 658, 661, 662, 164 N. W. 622, L. R. A. 1918F, 1076; Turney v. Barr, 75 Iowa 758, 761, 762, 38 N. W. 550; Busse v. Barr, 132 Iowa 463, 468, 469, 109 N. W. 920; Van Scoy v. Gretten, 177 Iowa 431, 436, 158 N. W. 510; Furey v. Hollowell, 203 Iowa 376, 378, 379, 212 N. W. 698; Conkling v. Hollowell,

203 Iowa 1374, 1376, 214 N. W. 717; Hallway v. Byers, 205 Iowa 936, 939, 218 N. W. 905; Wilson v. Haynes, 218 Iowa 1370, 256 N. W. 678 [certiorari denied 295 U. S. 731, 55 S. Ct. 646, 79 L. Ed. 1680]; McBain v. Hollowell, 202 Iowa 391, 394, 210 N. W. 461; McCormick v. Hollowell, 215 Iowa 638, 642, 46 N. W. 612; Marsh v. Hollowell, 215 Iowa 950, 955, 247 N. W. 304; Convey v. Haynes, 230 Iowa 485, 486–488, 298 N. W. 647, 134 A. L. R. 966; Cullon v. Haynes, 230 Iowa 489, 298 N. W. 851; Davis v. Hollowell, 216 Iowa 1178, 1180, 250 N. W. 647 [certiorari denied 290 U. S. 703, 54 S. Ct. 375, 78 L. Ed. 604]; Smith v. Hollowell, 209 Iowa 781, 782, 229 N. W. 191.

The writ is annulled, and the judgment is reversed and the cause remanded for proper entry to be made for the recommitment of the appellee to the custody of the appellant.—Reversed and remanded.

All JUSTICES concur.