For the above reasons the judgment of the district court is affirmed.

**84 So.2d 462**

**STATE of Louisiana**

**v.**

**Henry C. JOYNER.**

No. 42445.

Nov. 7, 1955.

Rehearing Denied Dec. 12, 1955.

Richard S. McBride, Jr., New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Phil Trice, Asst. Dist. Atty., New Orleans, for appellee.

FOURNET, Chief Justice.

The defendant, unattended by counsel, having pleaded guilty to the charge of theft of an automobile, and having withdrawn that plea with the court's permission prior to trial when additionally charged as a multiple offender, contends he was improperly convicted for the reason that the trial judge permitted, during his trial and over his objection, the introduction of evidence of the minutes of the court reflecting this plea and its withdrawal.

In his per curiam to the bill reserved when the minute entries were admitted (the only bill reserved), the trial judge states he considered the plea to be a judicial confession of guilt and that, as such, the jury was entitled to have it as evidence for whatever weight they might decide to give it. As authority he cites from other jurisdictions Johnson v. State, 196 Miss. 402, 17 So.2d 446; Roberts v. State, 145 Neb. 658, 17 N.W.2d 666; People v. Steinmetz, 240 N.Y. 411, 148 N.E. 597; State v. Carta, 90 Conn. 79, 96 A. 411, L.R.A. 1916E, 634; and Morrissey v. Powell, 304 Mass. 268, 23 N.E.2d 411, 124 A.L.R. 1522.

A review of these cases, as well as many others to be found on the subject, discloses they reflect the minority view. The majority of the jurisdictions support the view that evidence of a plea of guilty and its withdrawal is inadmissible. This view is predicated "upon the broad principle that to permit such withdrawal to be accompanied with the privilege on the part of the prosecution of later establishing the same as an admission or confession of guilt would result in the destruction or serious impairment of whatever benefits accrued to the defendant from withdrawal of his plea of guilty, and upon the further ground that withdrawal of a plea of guilty is equivalent to an adjudication that such plea is annulled and of no force and effect, and hence ceases to be evidence." 124 A.L.R. 1527. See, also, the authorities therein cited, and 2 Wharton on Criminal Evidence, Eleventh Edition, 976, Section 587.

We think the majority view is sound and more consonant with our concept of the constitutional rights of an accused. Where the plea of guilty is withdrawn, the defendant stands for trial upon a plea of not guilty, and is entitled to all the safeguards and presumptions of innocence which the humanity of the law extends to an individual whose life or liberty is at stake. One such right is that he is presumed to be innocent until proved guilty beyond a reasonable doubt, and the state has the burden of proving that guilt.

As pointed out by the United States Supreme Court in Kercheval v. U. S., 274 U.S. 220, 47 S.Ct. 582, 583, 71 L.Ed. 1009, a leading case on this subject, "The effect of the court's order permitting the with-

drawal was to adjudge that the plea of guilty be held for naught. Its subsequent use as evidence against petitioner was in direct conflict with that determination. When the plea was annulled it ceased to be evidence. By permitting it to be given ·weight the court reinstated it pro tanto."

█ It is our conclusion, therefore, that the introduction in evidence of minute entries disclosing the former plea of guilty and its withdrawal constitutes reversible error. It could have no other effect than to prejudice the jury.[1]

For the reasons assigned, the conviction and sentence are annulled and set aside and the case is remanded for a new trial.

1. If, as pointed out by the learned trial judge, the minute entries of the plea and its withdrawal were admissible as a confession, the state failed to follow the rules prescribed by Article 451 of the Code of Criminal Procedure, LSA–R.S. 15:451, i. e., to affirmatively show it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises.