HUGHES, J.
dissenting.
LI respectfully dissent and would grant the writ.
*1170 The ruling of the district court presents relator with an unconstitutional dilemma: take the stand and have his testimony used against him at trial, or refrain and fail to carry his burden of proof on the motion to withdraw his plea.[1] This is an “intolerable situation;” [2] one constitutional right should not have to be surrendered in order to assert another. As with a motion to suppress, the hearing to withdraw a plea is limited in scope and the defendant’s testimony is inadmissible at trial absent certain exceptions such as perjury.
La.C.E. art. 410(8) specifically provides that “any statement” made in the course of “any court proceeding” concerning a plea of guilty or nolo contendere is not admissible against the party who made the plea.
The United States Supreme Court[3] and the Louisiana Supreme Court[4] have both held the fact of a withdrawn plea may not be used against the defendant at trial. How then may his testimony in furtherance of the withdrawal be admissible? These are old and settled constitutional issues and it is disheartening to see them reoccur.

. This situation is often referred to as a "Hobson's Choice” (take it or leave it) but is perhaps a "Morton’s Fork,” where both alternatives presented lead to undesirable consequences (between the devil and the deep blue sea).

. In Simmons v. United States, 390 U.S. 377, 391-94, 88 S.Ct. 967, 975-76, 19 L.Ed.2d 1247 (1968), the Supreme Court stated that to require a defendant, who wishes to establish a constitutional deprivation, to make a choice between accepting a risk that the words that he utters may later be used to incriminate him or to refrain from testifying and forego the benefit is an intolerable situation — that one constitutional right should have to be surrendered in order to assert another — and held that when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt.

. Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009, 71 L.Ed. 1009, (1927)

. State v. Joyner, 228 La. 927, 84 So.2d 462 (La.1955)